UNITED STATES, Appellant

v

CHARLES E. CULVER, Private, U. S. Marine Corps, Appellee

22 USCMA 141, 46 CMR 141

No. 23,418

February 16, 1973

*Lieutenant James R. Lamb,* JAGC, USNR, argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel G. L. Bailey,* USMC, and *Lieutenant Steven C. Cross,* JAGC, USNR.

*Frank J. McGee, Jr., Esquire,* argued the cause for Appellee, Accused. With him on the brief was *Gerard S. McAuliffe, Esquire.*

## Opinion of the Court

QUINN, Judge:

A certificate of the Acting Judge Advocate General of the Navy, filed under the provisions of Article 67(b)(2), Uniform Code of Military Justice, 10 USC § 867, asks that we determine the correctness of a decision by the Court of Military Review that the findings of guilty in this case cannot legally stand.

On May 1, 1969, seven offenses, including conspiracy to murder a Major Williams (Specification 1, Charge II), were filed against the accused. On August 1, 1969, the charges came on for trial before a general court-martial convened in DaNang, Republic of Vietnam. At an Article 39(a) session before the trial judge, defense counsel indicated that the accused desired to be tried without court members. Contrary to the provisions of Article 16, UCMJ, 10 USC § 816, the request was not in writing. Undeterred by the absence of a written request, the judge proceeded to arraign the accused, dispose of a motion to

dismiss for lack of speedy trial, and take evidence as to the merits. In due course, the accused was found guilty of six of the charges, but acquitted of conspiracy to murder Major Williams, and was sentenced to a dishonorable discharge, forfeiture of all pay and allowances, and confinement at hard labor for 20 years. Intermediate appellate authorities affirmed. However, we reversed the conviction, United States v Culver, 20 USCMA 217, 43 CMR 57 (1970), on the authority of United States v Dean, 20 USCMA 212, 43 CMR 52 (1970).

All seven charges were referred to trial before a general court-martial at Camp Lejeune, North Carolina. Although not presented specifically as a motion to dismiss, defense counsel contended that the accused could not be tried again for conspiracy to murder Major Williams because he had been acquitted of that offense at the first trial. The judge ruled that, under the *Dean* case, the proceedings at the first trial were a nullity and, therefore, did not bar another trial. At this trial, he accused was found guilty of the conspiracy charge, but was acquitted of all the other offenses of which he had been found guilty at the first trial. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for 5 years.

In United Sates v. Dean, supra, this Court reviewed the statutory requirements for trial by a general court-martial composed of a military judge alone. A majority of the Court concluded that a request in writing by the accused for that kind of court "is an indispensable jurisdictional prerequisite," 20 USCMA at 212, 43 CMR at 52; in the absence of the written request, a court-martial composed of a military judge alone, we said, "is not lawfully constituted as a court." *Id.* at 215, 43 CMR at 55. The Supreme Court of the United States has held that "acquittal before a court having no jurisdiction is, of course, like all the proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court

**22 USCMA 142**

which has jurisdiction of the offense." United States v Ball, 163 US 662, 669, 41 L Ed 300, 16 S Ct 1192 (1896). These principles are relied upon by the Government to support its contention that the Court of Military Review erred in holding that the accused's acquittal of the charge of conspiracy to murder Major Williams at the first trial was a bar to a second trial of the offense before a properly constituted court-martial. The contention is framed in conventional terms of the limitation on the constitutional guarantee against putting a person twice in jeopardy for the same offense.

I dissented in *Dean* to the majority's determination that the procedural error constituted a "jurisdictional defect." Consequently, under my view, *Ball's* dictum is inapplicable, and the accused is entitled to reversal of his conviction because it was obtained in violation of his constitutional right against double jeopardy. In his separate opinion here, Judge Duncan agrees with me that the accused's acquittal at the first trial barred a second trial for the same offense, but apparently he deems it sufficient to redefine but not reject Dean's postulate that the absence of a written request for trial by military judge alone is a jurisdictional defect. However, even if *Dean* is left wholly undiluted so as to justify the Government's reliance on *Ball's* prescription that the constitutional guarantee against double jeopardy is inoperative if the first court has no jurisdiction, in my opinion, military law requires vacation of the findings of guilty.

Military law has a number of procedures that are distinctively different from the practice in the civilian criminal courts. One of the differences results from the mode and the consequences of review of the findings and sentence of the trial court. In the civilian courts, appellate review is initiated by a party who deems himself aggrieved by the trial court's action; in the military practice, some degree of review is automatic in all cases. Commenting on the conse-

quence of this kind of review, we observed that:

"... Literally ... [the accused] can never be prejudiced ... for on retrial, if any, he cannot be tried for an offense greater than that charged at the first trial, nor can he receive a sentence greater than that adjudged at the first trial. ... Since prejudice is impossible under this procedure, the evils contemplated by and even prompting the guaranty against double jeopardy are entirely inoperative." United States v Zimmerman, 2 USCMA 12, 20, 6 CMR 12, 20 (1952).

See also United States v Dean, 7 US CMA 721, 23 CMR 185 (1957).

The Manual for Courts-Martial, United States, 1969 (Rev ed.), specifically prescribes the effect the action of a court-martial that lacked jurisdiction has at a second trial for the same offense. Paragraph 81*d*(2) provides that in "a case in which the original proceedings were declared invalid because of lack of jurisdiction ... [the second trial] is subject to the sentence rules provided for rehearings." The sentence rules provided for rehearings require that an offense "on which a rehearing ... is held shall not be the basis for punishment in excess of or more severe than the legal sentence upon a previous ... trial, as ultimately reduced by the convening ... authority." Paragraph 81*d*(1), Manual, supra. Under these provisions, it is clear that, if a court-martial, with or without jurisdiction, proceeds to sentence, its action will bar more severe punishment in later proceedings on the same offense. While the Manual language refers to the sentence action of the court-martial, it manifestly encompasses the court's action on the merits. Obviously, if the court acquitted the accused of an offense, that offense could not be "the basis for punishment." This construction of the provision is supported by the notes of the draftsmen of the Manual provision. They indicate that the Manual rule was prescribed in the interest of

"fundamental fairness to the accused who should not suffer by being subject to a more severe sentence at the next trial because of mistakes by the Government which were not his fault." Department of the Army Pamphlet No. 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, at 15–3. It is suggested that this construction of the Manual for Courts-Martial is contrary to the Manual's statement that court-martial proceedings "without jurisdiction over either the person or the offense charged are a nullity." Paragraph 215*a*, Manual, supra. That statement is set out as a ground for a motion in bar of trial because of lack of jurisdiction over the person or the offense, see Fleiner v Koch, 19 USCMA 630 (1969), and the statement has nothing to do with the effect of one trial proceeding upon a later trial for the same offense. The only specific comment on the matter is that provided in paragraph 81*d*(2) of the Manual. That comment is, in my opinion, controlling. Considering the language and the intent of the Manual provisions, I am convinced they contemplate that, irrespective of the later determination of the jurisdiction of a court-martial, if it proceeds to trial on the merits, its action is binding at a second trial for the same offense. Manual rules as to procedure have the force of law. See United States v Montgomery, 20 USCMA 35, 38, 42 CMR 227, 230 (1970). I conclude, therefore, that the Court of Military Review was correct in its determination that the accused should not have been required to stand trial again for the offense of which he was acquitted at the first trial.

For the reasons set out here and in Judge Duncan's opinion, we answer the certified question in the affirmative, and affirm the decision of the Court of Military Review.

DUNCAN, Judge (concurring in the result):

While I agree with Judge Quinn that the Court of Military Review was correct in its determination that the accused should not have been required

to stand trial again for the offense of which he was acquitted at the first trial, I prefer to base my opinion, as did the Court of Military Review, on the double jeopardy provisions of the Fifth Amendment to the Constitution of the United States, and Article 44, Uniform Code of Military Justice, 10 USC § 844.[1]

Judge Quinn quotes with approval the Supreme Court's statement in Ball v United States, 163 US 662, 669, 41 L Ed 300, 16 S Ct 1192 (1896), that "acquittal before a court having no jurisdiction is, of course, like all proceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense." On its face, this statement would appear dispositive of the issue before us.

Indeed, Chief Judge Darden in dissent holds that under the reasoning expressed in Ball v United States, supra, and reiterated in Grafton v United States, 206 US at 345, "no jeopardy could attach as a result of the wholly void proceedings in this case."

The opinion in *Ball* requires further explication. In the original trial, Ball, one of three defendants, was acquitted of a charge of murder. The two convicted defendants secured a reversal because the indictment, under which *all three* had been tried, was fatally defective. In the following term the indictment was quashed and set aside. The grand jury then returned an indictment against all three defendants. Ball filed a plea of former jeopardy which was denied. In reversing Ball's conviction on the ground that it violated the constitutional prohibition against double jeopardy, the Court stated:

". . . [A]lthough the indictment was fatally defective, yet, if the court had jurisdiction of the cause and of the party, its judgement is not void, but only voidable by writ of error; and, until so avoided, cannot be collaterally impeached." 163 US at 669–670.

The charges against this appellant were originally referred to trial before a court-martial, consisting of a military judge and members, by the Commanding General, Headquarters, Force Logistic Command, Fleet Marine Force, Pacific. Trial, however, was before the military judge alone (Article 16, UCMJ, 10 USC § 816) and, as noted by Judge Quinn, the appellant was convicted of six of the seven alleged offenses. The convening authority approved the sentence.[2] The Court of Military Review, in its original action, affirmed "the findings of guilty and sentence as approved below." When the case came before this Court, we reversed and directed that "[a]nother trial may be ordered" because no request *in writing* for trial by judge alone had been submitted. United States v Culver, 20 USCMA 217, 43 CMR 57 (1970). See also United States v Dean, 20 USCMA 212, 43 CMR 52 (1970).

The Uniform Code of Military Justice specifically provides that the Court of Military Review (Article 66 (c), 10 USC § 866), and this Court (Article 67(d), 10 USC § 867), "may act only with respect to the findings and sentence *as approved by the con-*

---

[1] The Fifth Amendment pertinently provides:

". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ."

Article 44(a), UCMJ, 10 USC § 844, succinctly provides:

"No person may, without his consent, be tried a second time for the same offense."

See Grafton v United States, 206 US 333, 51 L Ed 1084, 27 S Ct 749 (1907),

wherein the Supreme Court held that one acquitted by a court-martial could not be tried a second time by a court established by Congress for trial of civilian crimes for the same offense.

[2] Article 64, UCMJ, 10 USC § 864, provides in part: "Unless he [the convening authority] indicates otherwise, approval of the sentence is approval of the findings and sentence." There is no contrary indication in this case.

vening authority" (emphasis added). The latter may approve only findings of guilty. Article 64, UCMJ, 10 USC § 864; cf. Article 62, UCMJ, 10 USC § 862. Inasmuch as the appellant was *acquitted* of conspiracy to murder Major Williams (Specification 1, Charge II), his original appeal from the conviction for the other offenses did not include that specification. He did "not seek to have it [the acquittal] reversed, and *the government· cannot. United States v Sanges,* 144 US 310. . . . *The verdict of acquittal was final, and could not be reviewed, on error or otherwise, without putting him twice in jeopardy, and thereby violating the Constitution.*" Ball v United States, 163 US at 670, 671 (emphasis added). In short, the matter was not and could not, by virtue of the statute, have been before this Court during the previous review. Cf. Green v United States, 355 US 184, 193, 2 L Ed 2d 199, 78 S Ct 221 (1957).

The situation in this case is sufficiently similar to that found in Benton v Maryland, 395 US 784, 23 L Ed 2d 707, 89 S Ct 2056 (1969), to warrant the same result. Benton was tried on charges of larceny and burglary. The Jury found him not guilty of larceny but convicted him on the burglary count. During his appeal, the Maryland Court of Appeals struck down a section of the state constitution which required jurors to swear their belief in the existence of God. Schowgurow v State, 240 Md 121, 213 A2d 475 (1965). Because both the grand and petit juries in Benton's case had been selected under the invalid constitutional provision, his case was remanded to the trial court and Benton was given the option of demanding reindictment or retrial. He chose to have his conviction set aside and a new indictment and new trial followed. At the second trial, Benton was again charged with both larceny and burglary. His motion to dismiss the larceny charge on the ground of double jeopardy was denied. He was then convicted of both charges. In reversing Benton's conviction for larceny the Supreme Court held:

"It is clear that petitioner's larceny conviction cannot stand once federal double jeopardy standards are applied. Petitioner was acquitted of larceny in his first trial. Because he decided to appeal his burglary conviction, he is forced to suffer retrial on the larceny count as well. As this Court held in Green v United States, supra, at 193–194, 78 S Ct, at 227, '[c]onditioning an appeal of one offense on a coerced surrender of a valid plea of former jeopardy on another offense exacts a forfeiture in plain conflict with the constitutional bar against double jeopardy.'" 395 US at 796.

In *Benton*, the State of Maryland had argued that the original indictment against Benton was absolutely void and that one cannot be placed in jeopardy by a void indictment. In rejecting this argument, the Supreme Court, citing Ball v United States, supra, stated:

". . . This argument sounds a bit strange, however, since petitioner could quietly have served out his sentence under this 'void' indictment had he not appealed his burglary conviction. Only by accepting the option of a new trial could the indictment be set aside; at worst the indictment would seem only voidable at the defendant's option, not absolutely void." 395 US at 796–797.

In the case at bar, the court-martial, as originally constituted of the military judge and members, was validly ordered into existence as a court of the United States by the convening authority, and the valid reference of charges to it gave it jurisdiction over the accused. There is also no question that the charges referred to it were within the jurisdiction of such a court-martial. Even the dictum in Ball v United States, supra, would require no more than jurisdiction over "the cause" and "the party" to fix jeopardy rights. When the military judge undertook to hear the case, without first securing a written request for such procedure from the ac-

cused, he acted in contravention of the provisions of Article 16, UCMJ, 10 USC § 816. In United States v Dean, supra, and cases following which were decided upon the reasoning of that case, we have denominated this judicial error as jurisdictional in nature. Can it be said that this aspect of our case law presents the sort of jurisdictional void which causes an accused to be deprived of an acquittal received after a full judicial hearing? I think not. The relief we gave in *Dean* and to the appellant hereinbefore, should not be changed from a shield to protect an accused by requiring his election of trial by judge alone to be in writing as required by statute, into a sword which cuts him off from double jeopardy protection. Such a result humbles the enormously important constitutional right of being free from defending against charges once acquitted of them by elevating to the jurisdictional plateau a rather technical requirement of military law. I view the *Dean* loss of jurisdiction as only arising *after* a court-martial has acquired jurisdiction over the person and the subject matter and, in my judgment, it is not of sufficient magnitude as to break an acquitted accused's grip on a bedrock constitutional right not to be tried again for a crime for which he has been acquitted.

In my opinion, the statutory disqualification of the military judge from hearing the case alone is not substantively different from the constitutional disqualification of the grand and petit juries from returning an indictment and rendering judgment on the evidence in Schowgurow v State, supra, and Benton v Maryland, supra, and, consequently, I think the *Benton* result is controlling on the facts of this case. If double jeopardy rights could not be lost when the trial was before a constitutionally defective jury neither should they be lost when it is before a statutorily defective trial by military judge sitting alone. In the words of *Benton*, "It is clear that . . . [Culver's] conviction cannot stand once federal [and

statutory] double jeopardy standards are applied." 395 US at 796.

I would answer the certified question in the affirmative.

DARDEN, Chief Judge (dissenting) :

The provision of the Manual for Courts-Martial, United States, 1969 (Rev . ed), on which the principal opinion . relies extends to trials void for want of jurisdiction the sentence limitation applicable to rehearings. Paragraph 81*d*(2), Manual, supra. As the paragraph states, new trials on jurisdictional grounds are *"subject to the sentence rules* provided for rehearings" (emphasis added).

Nothing in the Manual or in the Department of the Army Pamphlet No. 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, indicates that the drafters intended to abolish the distinction between rehearings and retrials that traditionally governs the application of the doctrine of former jeopardy. In the case of a rehearing, the pleas of *autrefois acquit* and *autrefois convict* are available, but, as the Manual notes, "Court-martial proceedings without jurisdiction over either the person or the offense charged are a nullity." Paragraph 215*a*, Manual, supra. This provision was intended to continue the principle enunciated in the Manual for Courts-Martial, United States, 1951, that the defense of former jeopardy was not available "if the proceedings were void for any reason, such as lack of jurisdiction to try the person or the offense." Paragraph 68*d*, Manual, 1951, supra; Department of the Army Pamphlet No. 27–2, Analysis of Contents, Manual for Courts-Martial, United States, 1969, Revised Edition, at 29–2.

The question presented then is whether the accused may be subjected to another trial on charges of which he had been earlier acquitted by a purported court-martial that had no authorized existence. For civilian courts, the Supreme Court has declared that "acquittal before a court having no jurisdiction is, of course, like all pro-

ceedings in the case, absolutely void, and therefore no bar to subsequent indictment and trial in a court which has jurisdiction of the offense." See Ball v United States, 163 US 662, 669, 41 L Ed 300, 16 S Ct 1192 (1896). In Grafton v United States, 206 US 333, 51 L Ed 1084, 27 S Ct 749 (1907), the same dictum was expressed in an opinion holding that a person acquitted by a court-martial had a double jeopardy defense to a later trial for substantially the same offense before a court established by Congress for the trial of civilian crimes.

In the instant case the accused was first tried by something having no authorized existence as a competent court. United States v Culver, 20 USCMA 217, 43 CMR 57 (1970); United States v Dean, 20 USCMA 212, 43 CMR 52 (1970). The case is distinguishable from Ball v United States, supra, and Benton v Maryland, 395 US 784, 23 L Ed 2d 707, 89 S Ct 2056 (1969). In *Ball,* one of three defendants was acquitted of murder. The two convicted defendants secured a reversal because the indictment was fatally defective. Although the indictment was defective, the trial court had jurisdiction of the cause and of the party, and the Supreme Court held that Ball's reprosecution was barred by the doctrine of former jeopardy. In *Benton,* the defect was in the composition of the jury. The flaw in that case did not extend to the authorized existence of the court before which the trial was conducted. The case before us is different because the improperly constituted court-martial had no jurisdiction of any kind.

Thus, my view differs from that expressed in Judge Duncan's separate opinion. As he states, the defects in both *Benton* and *Ball* made the judgments of the respective courts voidable but not wholly void. In *Ball,* the Supreme Court expressly declared the trial court had jurisdiction of the cause and of the party and "its judgment is not void, but only voidable by writ of error; and, until so avoided, cannot be collaterally impeached." 163 US at 670. In *Benton,* it concluded

that "at worst the indictment would seem only voidable at the defendant's option, not absolutely void." 395 US at 797. On that basis, jeopardy was held to attach in the prior proceedings.

It is true that, as initially constituted, the court-martial to which the charges against Culver were referred had jurisdiction over him and the offenses. But jeopardy does not attach upon the reference of charges or assembly of the court for preliminary proceedings. In cases of trial by judge alone, jeopardy attaches only after introduction of evidence on the issue of guilt or innocence. Paragraph 215b, Manual, supra; Article 44, UCMJ, 10 USC § 844; United States v Wells, 9 USCMA 509, 511, 26 CMR 289, 291 (1958); Clawans v Rives, 104 F2d 240 (DC Cir 1939); Newman v United States, 410 F2d 259 (DC Cir 1969), *cert denied,* 396 US 868, 24 L Ed 2d 121, 90 S Ct 132 (1969).

At the time the military judge began to hear evidence in this case, a court no longer existed, since the accused did not elect in writing to have a judge hear the case alone. The proceedings then were, as we stated in United States v Dean, supra, wholly void, and jeopardy could not attach in the accused's trial, regardless of whether his "acquittal" was before us on the subsequent appeal.

Moreover, I disagree that a court-martial proceeding may be void only with reference to those offenses of which the accused stands convicted and not as to those of which he was acquitted. As Judge Quinn has stated:

". . . Either there is jurisdiction or there is not jurisdiction; either a trial is legally held or it is not legally held; either a court has de jure existence, or else it has no legal existence." United States v Padilla, 1 USCMA 603, 615, 5 CMR 31, 43 (1952).

I subscribe to that statement and would hold under the reasoning expressed in Ball v United States, supra, and reiterated in Grafton v United

**22 USCMA 147**

States, supra at 345, "as indisputable, on principle and authority," that no jeopardy could attach as a result of the wholly void proceedings in this case. Accordingly, while the wisdom of his decision may be open to doubt, the convening authority was free to order another trial of the accused before a properly constituted court-martial on the charges of which he was initially "acquitted."

I would answer the certified question in the negative and reverse the decision of the Court of Military Review.