UNITED STATES, Appellee

v

MARVIN E. MORRIS, Gunner's Mate (Guns) Second Class, U. S. Navy, Appellant

No. 28,107

February 28, 1975

*Lieutenant Stephen T. Myking,* JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Joseph Evans O'Leary,* JAGC, USNR.

*Lieutenant Thomas L. Earp,* JAGC, USNR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel G. L. Bailey,* USMC.

## OPINION OF THE COURT

QUINN, Judge:

This appeal brings up for consideration the effect of submission by the accused of a request for trial by judge alone after the court has assembled. The accused contends that, under Article 16, Uniform Code of Military Justice, 10 USC § 816, the time of submission is a jurisdictional requirement for trial by military judge alone and such trial cannot be had on the basis of a request by accused submitted after assembly of the court.

Four specifications of unauthorized absence against the accused were referred to a general court-martial for trial. Starting on February 26, 1973, hearings were held by the judge, under the provisions of Article 39(a) of the Uniform Code. The accused was represented by a civilian lawyer and appointed military counsel. At a session on March 21, certain defense motions were heard and determined. Toward the close of the session, civilian counsel moved for a 1-week continuance. Trial counsel "strenuously" opposed the request on the ground that the defense had received other continuances and civilian counsel had specifically chosen that day for resumption of the Article 39(a) hearing. The motion was denied, and the hearing continued, with the accused entering a plea of not guilty. Agreement was reached as to the procedure for *voir dire* of the court members. Civilian counsel then renewed his motion for a continuance, and again it was denied. Thereupon, the hearing was adjourned until the next morning for the purpose of *"voir dire* examination of the individual court members out of the presence of each other," as requested by the defense.

On the morning of March 22, the Article 39(a) session reconvened. Appointed military counsel and the accused were present, but civilian counsel was absent. Military counsel advised the judge that civilian counsel had instructed him to report he was "at a federal court hearing," and he "would be present and available [for the court-martial] on the 28th . . . a week from yesterday." Trial counsel challenged civilian counsel's absence as a "direct violation of . . . [the]

order of this court;" he charged that civilian counsel was "trying to accomplish by his absence" what he had been unable to accomplish "legally" the previous day by his motions for a continuance. Trial counsel then insisted the Government was ready to proceed and civilian counsel's absence constituted a "waiver" of his presence. Neither defense counsel nor the accused gave any indication that the accused desired to retain other civilian counsel. However, military counsel maintained that he was not ready to conduct the *voir dire* of the court members. The judge then terminated the Article 39(a) session "for the purpose of going before the full court immediately."

One minute later the "court opened." The proceedings that followed were as indicated in the trial guide of the Manual for Courts-Martial, United States, 1969 (Rev.), Appendix 8*b,* at A8-7. The judge announced that "The court will come to order;" and trial counsel continued with a recital of the details of the initial and amendatory orders as to the convening of the court, the accounting for the presence and absence of the personnel of the court, and the verification of the qualifications of counsel. The court members were sworn, and the judge announced "the court is now assembled." See MCM, Appendix 8*b,* Trial Procedure for General Courts-Martial, at A8-11. The judge then apprised the court members of the arraignment and the accused's plea of not guilty. He also briefly instructed them on their duty to determine accused's guilt on the basis of the evidence that would be presented to them. He explained that they were subject to challenge, and that counsel would question them individually to determine if there were grounds for challenge. He further informed them that the challenge procedure had been "deferred" to that day's session, but as civilian counsel was not present, he was "reluctant to proceed" without him. Trial was continued to March 29, with an admonition by the judge to the defense that if civilian counsel did not appear at that time, the trial would proceed "in his absence."

On March 29, proceedings resumed with an Article 39(a) session. Accused's previous civilian counsel was not pres-

ent; in his stead was another civilian lawyer. The hearing began with a change of plea from not guilty to guilty. After appropriate examination of the accused, the new plea was accepted. Thereupon, civilian counsel moved for trial before military judge alone. Trial counsel called attention to Article 16 of the Code and Appendix 8a of the Manual, which, he contended, require submission of a request for trial by judge alone before the court is assembled.[1] He argued that the court had been assembled on March 22, and the accused could not thereafter elect trial by judge alone. The judge admitted that he was "bothered" by the requirement of Article 16 that the request be submitted "before the court is assembled" and this Court's determination that another of the article's requirements, namely that the request be in writing, was jurisdictional in nature. *United States v Dean,* 20 USCMA 212, 215, 43 CMR 52, 55 (1970).

Responding to the judge's expression of doubt as to the timeliness of the request, civilian counsel contended the *Dean* decision was inapplicable because the assembly of the court on March 22 in the absence of previous civilian counsel was unlawful. Apparently accepting that argument, the judge declared a recess to allow the accused to "make a new election." On reconvening, the accused submitted a written request for trial by judge alone. The judge approved the request and declared the court "assembled for trial by judge alone." Trial continued in regular order before the judge, and sentence was imposed by him.

In this Court, the parties have reversed their respective trial positions. Appellate defense counsel contend that the requirement for submission of a request for trial by military judge alone before the assembly of the court is jurisdictional; hence, if the request is untimely, it cannot be approved, and trial by judge alone cannot be had. Oppositely, the Government now, primarily, maintains that the time of submission is not jurisdictional, and secondarily, it contends that if the time requirement is jurisdictional, the requirement was met because the assembly of the court on March 22 was a legal nullity as accused's civilian counsel was not then present.

Our first task is to determine when a court-martial is assembled for the purpose of Article 16.[2] Logically, that may occur at one of three points in the trial. The first point may be the opening of the initial session with court members; the second may be when the first witness begins his testimony; and the third occasion may be some point in the proceedings between the opening of the initial session with court members and the testimony of the first witness, a point at which it can reasonably be considered that the court is ready to proceed with matters directly concerned with a trial of the merits.

Government counsel note, quite correctly, that the Uniform Code and its legislative history provide no clear clue to what Congress intended as the point of trial when the court is assembled. Our

---

[1] Article 16, UCMJ, provides, in pertinent part, as follows:

The three kinds of courts-martial in each of the armed forces are—

(1) general courts-martial, consisting of—

. . . .

(B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves.

[2] Besides the reference in Article 16, the Uniform Code makes two other references to assembly of the court as the time for specified action. Article 25 deals with a request for enlisted men "before the court is assembled for the trial;" Article 29(a) deals with the excusal of a court member "after the court has been assembled for the trial." We considered the phrase as it is used in Article 25 in *United States v Stipe,* 23 USCMA 11, 48 CMR 267 (1974). Both parties rely upon *Stipe* to support argument that the construction accorded the phrase, as used in Article 25, provides an appropriate analogy for construction of the phrase as used in Article 16. Our analysis of Article 16 makes it unnecessary to consider the asserted analogy and opposing conclusions.

opinion in *Dean* postulated two possibilities. We noted first that it was "likely" Congress intended "assembly of the court" to mean that point in the proceedings which would "avoid the unnecessary expenditure of time by court members who would not be needed if the trial was conducted by a judge sitting alone." *United States v Dean, supra* at 214, 43 CMR at 54. Once court members come together in formal session in open court, an expenditure of their time has occurred; thus, an election thereafter may not materially serve the purpose of conservation of time. However, *Dean* also observed that Congress intended the election to be made in an "unhurried setting." Such a setting exists at a court-martial trial even after the court members meet formally for the first time in open session. The proceedings that immediately follow the formal opening are described by the Manual for Courts-Martial as the "Preliminary Organization of the Court." Paragraph 61, MCM. During this period, there is examination of the order establishing the court, verification of the qualifications of counsel, and determination of whether the accused knows and understands his right to enlisted persons on the court and his right to trial by judge alone. These matters are essentially routine, and are likely to be known to the accused and his counsel before the court convenes. This stage of the trial proceedings, therefore, fits the kind of "unhurried setting" contemplated in *Dean. Cf. United States v Heinel,* 9 USCMA 259, 26 CMR 39 (1958).

■ As the Uniform Code does not expressly fix the time of assembly of the court, two questions arise: (a) Does the Manual for Courts-Martial fill the void; (b) if it does, is the Manual provision procedural in nature so as to have the force of law as a rule prescribed by the President pursuant to the authority granted by Article 36. See *United States v Smith,* 13 USCMA 105, 32 CMR 105 (1962). Regarding the latter question, we have no doubt that the matter is procedural, not substantive, in nature. Essentially, it deals with the preliminary organization of the court and that point in the process at which the court is assembled for the purpose of trial, with or without court members.

A number of provisions in the Manual for Courts-Martial refer to assembly of the court. Examination of these suggests that the word may not be used in the same sense in each instance.[3] On the point in issue, however, the Manual is explicit. It provides that the court-martial is assembled after the preliminary organization is complete and the trial judge announces that the court is assembled. MCM, paragraph 61*j* and Appendix 8*b*, at A8-7 and A8-11. The Manual provisions emphasize a difference between the formal opening of the first session of the court with court members and a later point in the proceedings when the court is actually assembled. Recognition of this difference appears in *Dean* and in *United States v Nix,* 21 USCMA 76, 44 CMR 130 (1971), the two principal decisions on the subject.

In both *Dean* and *Nix,* the court-martial was called to order in conformity with the trial guide of the Manual for Courts-Martial. Thereafter, proceedings followed which led this Court to conclude that the conditions for a valid request for trial by judge alone had not been met. In *Dean* the request was oral, not written as required by Article 16. The Court took occasion to point out what could have been done to correct the defect in the request. It said:[4]

When after the court is called to order an accused indicates his desire to be tried by judge alone, the proper procedure is to recess the court while the request is executed in writing.

Plainly, if calling the court to order at the opening of the session had constituted the time of assembly of the court for the purpose of Article 16, it would have already been too late for submission of a written request for trial by judge alone. But, *Dean* did not treat a request after the calling of the court-martial to order as out of time. Instead, it indicated that a request after that point in the proceeding was timely, and

---

[3] *Compare* paragraph 39*b*(3), MCM, *with* paragraph 61*j*, MCM.

[4] 20 USCMA at 215, 43 CMR at 55.

it proposed an appropriate procedure for consideration of the request. Implicit in the proposal is an acknowledgment that the formal opening of the court with court members did not constitute assembly of the court-martial for the purpose of Article 16.

■ *United States v Nix, supra,* reaffirmed the implication of *Dean* that the calling of the court members to order at the opening of the first session of the court is not the assembly of the court contemplated by Article 16. *Nix* held that the request for trial by judge alone was presented too late. The Court referred to the fact that a witness had testified before the written request was submitted, but nothing in the opinion indicates that assembly of the court occurs when the first witness begins to testify. As already noted, under the Manual, assembly of the court occurs after the court's preliminary organization and just before the challenge to the court members. The parties and the court members are alerted to the event by the judge's formal declaration that "the court is assembled." MCM, paragraph 61*j* and Appendix 8*b,* at A8-11. That point of the trial proceedings is consistent with the purposes of Article 16 explicated in the *Dean* case. In our opinion, it is the point of time before which the request for trial by judge alone must be submitted to be regarded as timely under Article 16. As already noted, the matter is related to the organization of the court-martial and is within the authority of the President to regulate by virtue of Article 36 of the Code.

The record indicates that the prescribed preliminary organization of the court was accomplished, and the approved announcement by the judge of the assembly of the court was made, at the session of the court on March 22. The request for trial by judge alone was not submitted until March 29. It follows, therefore that, if the assembly of the court was legally valid, the request was untimely.

The Government contends the assembly of the court was legally void. The contention is the same as that made by civilian defense counsel at trial to avoid whatever adverse consequence the lateness of the request might have. The principal basis of the contention is that assembly of the court in the absence of the previous civilian counsel was a legal nullity; the event could, therefore, be disregarded, with the result that the request for trial by judge alone was in time.[5]

■ When court was assembled on March 22, a quorum of the members was present, as were the trial judge, trial counsel, and the accused and his appointed military counsel. Civilian counsel was absent, but his absence did not deprive the court of power to convene to determine, if nothing else, whether counsel was absent with or without reason. If he was absent without good reason, the court could properly proceed without him, especially since the accused did not express any desire to obtain substitute civilian counsel. See *Ungar v Sarafite,* 376 US 575, 589–90 (1964); *United States v Griffiths,* 18 CMR 354 (ABR 1955), *petition denied,* 6 USCMA 808, 19 CMR 413 (1955). In our opinion, the record contains ample evidence to support a finding that counsel was absent without justification or excuse. Apparently, the trial judge made such finding as he decided to continue with the trial. He went no further than completion of the organization of the court, but the proceedings that were had were unimpeachable. Thus, the assembly of the court was valid, and the request for trial by judge alone was untimely. What then is the legal consequence of an untimely request?

Certainly, no prejudice can accrue to an accused if he submits a request for trial by judge alone after, rather than before, assembly of the court. However, in *Dean* the Court held that if a requirement of Article 16 is jurisdictional in nature, the absence of prejudice to the accused is immaterial; trial by judge alone just cannot be had.

Appellate defense counsel contend that all of the requirements enumerated in Article 16 for a request for trial by

---

[5] A variation of the argument also appears in the opinion of the Court of Military Review. We need not separately discuss this aspect of the matter.

judge alone are jurisdictional. They point out that in *Dean* the Court held that the requirement that the request be in writing is jurisdictional in nature; they also note that in *United States v Rountree,* 21 USCMA 62, 44 CMR 116 (1971), the Court held that to "meet the jurisdictional prerequisite of Article 16" the fact of accused's knowledge before trial of the identity of the judge must appear in his written request. In *United States v Clark,* 47 CMR 75, 77 (ACMR 1973), the Army Court of Military Review perceived "no reason in law or logic" to treat the several requirements differently, and it concluded that they were jurisdictional in nature. *Cf. United States v Simmons,* 44 CMR 804, 814–16 (ACMR 1971), *petition denied,* 21 USCMA 628, 44 CMR 940 (1972).

Acknowledging that the *Clark* decision and appellate defense counsel's argument have the appeal of simplicity, Government counsel contend the construction of Article 16 advanced in the argument is faulty in that it does not give effect to the twofold purpose of Article 16. We agree. In *Dean* we pointed out that, while Article 16 confers a new right upon the accused, it also confers benefits upon the Government. *Dean* commented specifically on the benefit accruing to Government in the form of having the court members attend to their regular military duties instead of participating in the trial of the accused. Other benefits are apparent, such as elimination of the necessity for separate instructions to the members regarding their responsibilities and regarding matters that may improperly come to their attention by action of counsel. The time for submission of a request is directed more to the convenience of the Government that to the interests of the accused. If the court actually assembles, some of the contemplated benefit to the Government is lost in that the members will have already put off their regular duties, but a trial, especially an extended one, can result in a much greater expenditure of the time of the court members. This circumstance implies a need to balance the interests of the accused against the Government's loss of the contemplated benefits of Article 16. Such bal-

ancing was, in our opinion, intended by Congress.

■ A request for trial by judge alone is not operative on its submission by the accused, but rather on approval by the judge. This requirement led the Court of Military Review below to conclude that Congress intended to invest the judge with some discretion as to whether to approve or disapprove a submitted request. We think the court was correct in that view. To the extent that a request is submitted before assembly of the court, there is little, if any, need to balance the interests of the accused and the Government; the principal concern is whether the accused understands the differences between the two forms of trial and knowingly and freely wants one form of trial instead of the other. If the request is submitted after assembly of the court, part of the benefit intended to be secured to the Government is lost, and there is, resultantly, substantial need to determine whether the loss is so great that the request should be disapproved. In short, there is a far greater need for authority on the part of the judge to approve or disapprove a request for trial by him alone as to a request submitted after assembly of the court than there is as to a request submitted before trial. Thus, besides the difference in purpose between the requirement that a request be in writing and the requirement that the request be submitted before assembly of the court, there is a very material difference as to the effect of these two requirements on the exercise of the judge's power to approve the request. We conclude, therefore, that ample reason exists to treat the time of submission requirement of Article 16 differently from the requirement that the request be in writing.

■ To construe the time requirement as nonjurisdictional gives full effect to both of the purposes that led Congress to enact Article 16. Such construction is also consistent with the language of the article. A construction of a statute that achieves these objectives is to be preferred to one that constricts the scope of the statute, contrary to its apparent purpose and without the express command of the statutory language. See *United*

*States v Sonnenschein,* 1 USCMA 64, 1 CMR 64 (1951). Accordingly, we hold that the time of submission of the request is not jurisdictional in nature, and an untimely request can be approved by the trial judge, if justified by the circumstances.

The decision of the Court of Military Review is affirmed.

Judge COOK concurs.

Senior Judge FERGUSON concurs in the result.