UNITED STATES, Appellee

v

MICHAEL BRYANT, Airman First Class, U. S. Air Force,
Appellant

No. 28,387

February 28, 1975

*Lieutenant Colonel James LaBar* argued the cause for Appellant, Accused.
With him on the brief was *Colonel William E. Cordingly.*

*Colonel C. F. Bennett* argued the cause for Appellee, United States. With
him on the brief was *Captain Fred W. Kuhn.*

## OPINION OF THE COURT

Cook, Judge:

The appellant was tried by a military judge sitting alone as a general court-martial. Contrary to his pleas, he was found guilty of nine counts of burglary and larceny, for which he was originally sentenced to a bad-conduct discharge, total forfeitures, confinement at hard labor for 2 years, and reduction to the lowest enlisted pay grade. Although the findings have been approved and affirmed, the Court of Military Review approved only the discharge portion of the sentence which, in turn, was later remitted by the convening authority. Nevertheless, and because of possible jurisdictional aspects, arguments have been heard on an issue which presents

the question:

WHETHER THE MILITARY JUDGE ERRED IN NOT ALLOWING THE DEFENSE TO WITHDRAW A REQUEST FOR TRIAL BY MILITARY JUDGE ALONE, ESPECIALLY SINCE THE REQUESTED INDIVIDUAL DEFENSE COUNSEL WAS NOT ON THE CASE WHEN THE ORIGINAL REQUEST WAS MADE.

The pertinent facts are not in dispute. On July 5, 1973, the military judge called the Article 39(a) session to order. At the outset, appellant was advised of his rights to counsel in accordance with Article 38(b), Uniform Code of Military Justice, 10 USC § 838(b). He informed the military judge that he would be defended by the two detailed defense counsel, who were qualified under Article 27, UCMJ, 10 USC § 827, and named in the convening order. After certain other preliminaries, the military judge then noted his receipt of a properly executed, written request for trial by him alone. Upon determining that appellant fully understood the meaning and effect of his application, and that he still wanted this type of trial, the military judge approved the request and announced that "[t]he court is assembled." A formal reading of the charges was waived and appointed defense counsel then moved to dismiss the charges on a ground which is of no relevancy to this appeal. This motion was denied and defense next requested a continuance until August 20, 1973, in order to obtain the services of individual military defense counsel. Although a request for such counsel had been previously requested and denied, it had been determined that this counsel would be available on the later date to represent the appellant. On the basis of this showing, the motion was granted and requested counsel was subsequently made available. In the meantime, by letter dated August 6, 1973,

addressed to the military judge, individual counsel asked that the "original request for military judge alone be withdrawn, reserving the right at a later time to request trial by military judge alone." The military judge, by reply letter dated August 10, 1973, denied the request. In the same letter, he pointed out that appellant had been represented by qualified counsel at the time his original request was made and that appellant had been fully advised of the meaning and effect of the request. The military judge added that only after he had assured himself that appellant understandingly made the request did he approve it and then announced that the court was assembled. Subsequently, when the court reconvened on August 20, and after determining that individual counsel was qualified, the military judge took note of the correspondence and ordered the letters admitted as appellate exhibits. Immediately before entering a plea of not guilty, however, individual counsel again renewed his request, which the military judge again denied after reconsideration.

As held in United States v Morris, — USCMA —, — CMR — (February 28, 1974), a request for trial by judge alone is not automatic upon its submission by the accused, but is dependent upon approval by the military judge. Because of this, it has been concluded that Congress intended to invest the judge with discretion in the matter. Furthermore, in that same opinion, it was found that the time for making such a request is a matter of procedure and not jurisdictional. Accordingly, even though the Manual for Courts-Martial, United States, 1969 (Rev), might indicate that the right to revoke an election for trial by military judge alone was untimely and therefore, could not be made once the court was assembled, the question is more properly one within the discretion of the military judge.[1]

---

[1] The Manual for Courts-Martial, United States, 1969 (Rev), paragraph 53*d*(2)*(b)*, states:

If the accused has requested trial by the military judge alone and the military judge has approved the request prior to the start of trial, he should assure himself at the trial, before announcing that the court has assembled, that the request was understandingly made by the accused. After a request has been approved, it may be withdrawn by the accused at *any time before assembly of the court in the discretion of the military judge.* If the military judge finds that the approved request is defective or allows the accused to withdraw it, he

This holding is consistent with the ruling of the Court of Military Review in *United States v Simmons*, 44 CMR 804, 816 (ACMR 1971); and both federal and state authorities are in accord that the right to withdraw a waiver of jury trial is within the discretion of the trial court. *See McCranie v United States*, 333 F2d 307 (5th Cir 1964); *Riadon v United States*, 274 F2d 304 (6th Cir 1960); Annot., 46 ALR2d 919 (1956).

Considering the facts of this case, particularly where individual counsel was equivocal as to his ultimate decision when making the request to withdraw, the language used by the court in *Riadon v United States, supra,* is most appropriate. Ruling that there was no abuse of discretion in denying a motion to withdraw a waiver of jury trial, the court stated, at 274 F2d 307:

> It is true that the courts are very alert to preserve the right of an accused to a trial by a constitutional jury but before any waiver can become effective the consent of government counsel and the sanction of the court must be had in addition to the express and intelligent consent of the defendant. Patton v United States, 281 US 276, 312, 50 S Ct 253, 74 L Ed 854. In the present case, the waiver of a jury trial was made in open court, in a stipulation signed by the appellant, his attorney, and the Assistant United States Attorney. There can be no doubt that the waiver was an effective one, intelligently made. The appellant, at all times, had the service of counsel, was fully able to comprehend the charges against him and the gravity of the offenses. Bergen v United States, 8 Cir, 145 F2d 181, at page 187.

■ ■ In like manner, this appellant submitted his original request after fully discussing his rights and the implications of trial by military judge alone with the two qualified counsel detailed to represent him and with whom he expressed satisfaction. He also acknowledged in open court that he understood the meaning and effect of his application. Finally, he agreed that he understood the differences between trial before members and trial by military judge alone, and indicated that he wished to persist in his request to be tried by judge alone. Accordingly, there was no abuse of discretion by the military judge in denying the motion.[2]

Moreover, nothing we say here conflicts with the recent opinion in *United States v Stipe*, 23 USCMA 11, 48 CMR 267 (1974). There, not only was the motion to withdraw a request for enlisted men presented prior to the conclusion of the Article 39(a) session or "the assembly of court," but more importantly, no discretion on the part of the judge is involved when an accused initially elects to be tried by a court-martial that includes enlisted members. The only exception to accused's right to such a court occurs when eligible enlisted members cannot be obtained because of physical conditions or military exigencies.

In view of the foregoing, it follows that the military judge did not err in denying the motion. Accordingly, the decision of the Court of Military Review is affirmed.

Senior Judge FERGUSON concurs.

Judge QUINN did not participate in the decision of this case.

---

may either adjourn the session or call the court into Article 39(a) session preparatory to assembly of the court with members. If the request was understandingly made and has not been withdrawn, the military judge should immediately announce that the court has assembled. (Emphasis added.)

[2] Noteworthy, too, is the fact that the request to withdraw was only signed by individual defense counsel. Since a request for trial by military judge alone must be submitted in writing by the accused personally, a revocation of such a granted request must likewise be submitted in writing by the accused personally. *(Cf.,* the 1959 Army Supplement, paragraph 4c, to the 1951 Manual for Courts-Martial.)