UNITED STATES, Appellee,

v.

James W. MOONEY, Airman First Class,
U.S. Air Force, Appellant.

No. 97–0703.
Crim.App. No. 32381.

U.S. Court of Appeals for
the Armed Forces.

Submitted Aug. 20, 1997.

Decided March 13, 1998.

Sullivan, J., filed opinion concurring in part and dissenting in part.

For Appellant: *Colonel Douglas H. Kohrt* and *Lieutenant Colonel Kim L. Sheffield* (on brief).

For Appellee: *Colonel Theodore J. Fink, Colonel Brenda J. Hollis, Lieutenant Colonel Michael J. Breslin,* and *Captain Mitchel Neurock* (on brief).

PER CURIAM:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of wrongful use of marijuana and lysergic acid diethylamide, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The adjudged and approved sentence provides for a bad-conduct discharge, confinement for 12 months, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence.

This Court granted review of the *ex post facto* issue recently resolved in *United States v. Gorski,* 47 MJ 370 (1997). We also specified the following issue:

WHETHER THE MILITARY JUDGE ERRED BY ACCEPTING APPELLANT'S PLEA OF GUILTY WHEN SHE LEARNED THAT THERE WAS A PRETRIAL AGREEMENT WHICH WAS NOT REDUCED TO WRITING AS REQUIRED BY RCM 705(d)(2).

We hold that RCM 705(d)(2)* was violated, but that appellant was not prejudiced. Art. 59(a), UCMJ, 10 USC § 859(a).

There was an oral agreement, set out on the record, that the Government would withdraw one specification if appellant pleaded guilty to the remaining two specifications of the Charge and requested trial by military judge alone. Both counsel and appellant acknowledged and agreed upon the terms of the oral agreement. Appellant complied with his part of the agreement, and he concedes that he received the benefit of his bargain.

The purpose of RCM 705(d)(2) is to avoid misunderstandings and preclude unnecessary appellate litigation. While we do not condone the parties' disregard for the Rules for Courts–Martial, the record clearly demonstrates that appellant was not prejudiced.

█ The decision of the United States Air Force Court of Criminal Appeals is affirmed as to result only. Collection of any forfeitures, and execution of the reduction in grade prior to the date of the convening authority's action, are hereby declared to be without legal effect. Any forfeitures already collected from appellant, and any pay and allowances withheld because of the premature reduction in grade, will be restored. The record of trial is returned to the Judge Advocate General of the Air Force for appropriate action.

Judge EFFRON did not participate.

SULLIVAN, Judge (concurring in part and dissenting in part):

The oral pretrial agreement in this case violates RCM 705(d)(2) and (3), Manual for Courts–Martial, United States (1995 ed.), and para. 6.8, Air Force Instruction 51–201 (1 Sept. 1996). However, full disclosure on the record of the plea agreement negates any prejudice to appellant. Art. 59(a), USC § 859(a).

As for the *Gorski* issue, I disagree as to the result reached in this case. See *United States v. Gorski*, 47 MJ 370, 376 (1997) (Sullivan, J., concurring in part and in the result). I would remand this case to the Court of Criminal Appeals for consideration of the questions of waiver and ineffective assistance of counsel.

---

* Manual for Courts–Martial, United States (1995 ed.).