ANDERSON, Judge:
A military judge sitting as a general court-martial found the appellant guilty, pursuant to his pleas, of divers uses of marijuana in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. § 912a (1994)[hereinafter UCMJ]. The appellant was sentenced to confinement for 244 days, reduction to pay grade E-l, and a bad-conduct discharge. The convening authority approved the sentence as adjudged.
We have considered the record of trial, the four assignments of error,[1] the Government’s response, and oral argument on the first assignment of error.[2] We conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. See Arts. 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a) and 866(c).
Military Judge-Alone Request
In his first assignment of error, the appellant contends that the sentence is a nullity because the military judge improperly excused the members after assembly and proceeded as a trial by military judge alone. We disagree.
We first address the chronology of events with respect to forum selection. At the first Article 39a, UCMJ, 10 U.S.C. § 839(a), session in which the appellant was arraigned, the military judge explained to the appellant his right to be tried by a court-martial composed of members, including at least one-third enlisted members, or by military judge alone. The appellant decided to reserve forum selection. At a later Article 39a session, the defense counsel indicated that he was not yet ready to commit to a forum selection, but he stated that he intended to request a panel of members.
At the next session of the court-martial, after being reminded of his forum selection rights, the appellant elected to be tried by a panel of officer members. Once pretrial motions were resolved, the accused entered pleas of not guilty. At the next session, the members were sworn, and the court-martial was assembled. After the completion of voir dire and challenges, both sides completed their opening statements, and the government called its first witness on the merits. During the course of examining this witness, the government counsel became ill and passed out, prompting the military judge to recess the court. About a week later, the *955 military judge held an Article 39a session with counsel and the accused. At this session, the parties provided him with a pretrial agreement in which the accused agreed to plead guilty to one charge and specification, to withdraw his request for trial by members, and to request trial by military judge alone. The military judge then conducted the following colloquy with the appellant:
MJ: Did you read this [pretrial agreement] over and discuss this with your defense counsel before you signed this?
ACC: Yes, sir; I have, sir.
MJ: Okay. As I have noted, in this pretrial agreement, right above where your signature is, it states that you wish to withdraw your request for officer members and to excuse those members that have already been seated and request trial by military judge alone as part of this pretrial agreement. Do you see that?
ACC: Yes, sir.
MJ: Was this a voluntary request on your part?
ACC: Yes, sir.
MJ: Has anyone tried to force, threaten, or coerce you into requesting trial by military judge alone?
ACC: No, sir.
MJ: At the time when you requested trial by military judge alone, did you still remember that I was going to be the judge in your ease?
ACC: Yes, sir.
MJ: You and your defense counsel have [earlier] asked to recuse me. Now, I’ve denied that motion. Knowing that, do you still wish to be tried before military judge alone?
ACC: Yes, sir.
MJ: All right. Your request for trial by military judge alone is approved. The court-martial was previously assembled. Earlier you had entered pleas of not guilty to all charges and specifications. Based upon the pretrial agreement, on Page 3, it states that you wish to plead guilty, or have agreed to plead guilty, to the use of marijuana on divers occasions, that being Specification 1 of Charge II, and guilty to Charge II, and not guilty to all other charges and specifications. Are those in fact your desires?
ACC: Yes, sir.
MJ: Had you discussed this matter completely with Mr. Dowell and Captain Walker before you signed this pretrial agreement?
ACC: Yes, sir.
MJ: Do you wish to change your pleas at this point?
ACC: No, sir. [Accused and counsel conferred.] Yes, sir.
MJ: What I mean here is, do you wish to change your pleas from Not Guilty to all charges and specifications to Guilty to Charge II and Specification 1 thereunder and Not Guilty to all other charges and specifications?
ACC: Yes, sir.
The judge then completed a thorough providence inquiry, found the appellant guilty in accordance with his pleas, heard evidence and argument on sentence, and after deliberating, announced sentence.
The appellant now objects to this procedure. He contends that under Article 16, UCMJ, 10 U.S.C. § 816, he did not have the power to elect trial by military judge alone in a general court-martial after the court had been assembled with members. In addition, he contends that under Rule For Courts-Martial 903(e), Manual for Courts-Martial, United States (1995 ed.)[hereinafter R.C.M.], the military judge did not have the discretion to grant such a request. Accordingly, he concludes that the military judge created a jurisdictional error when he excused the members, and as a result, the sentencing proceedings were void.
Article 16, UCMJ, 10 U.S.C. § 816, provides that a general court-martial may consist of a military judge alone, “if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests orally on the record or in writing a court composed only of a military judge and the military judge approves.” If the timing provision of Article 16 were jurisdictional, then appellant’s argument would have merit. Our *956 superior court, however, has decided otherwise. United States v. Morris, 23 C.M.A. 319, 49 C.M.R. 653, 1975 WL 15885 (1975).
In Morris, the Court of Military Appeals (now the Court of Appeals for the Armed Forces) specifically held “that the time of submission of the [military judge-alone] request is not jurisdictional in nature, and an untimely request can be approved by the trial judge, if justified by the circumstances.” Id., 23 C.M.A. at 325, 49 C.M.R. at 659. In addition to concluding that the time for making such a request is a matter of procedure and not jurisdictional, the court concluded that Congress intended to invest the judge with discretion in the matter. The Court reasoned as follows:
A request for trial by judge alone is not operative on its submission by the accused, but rather on approval by the judge. This requirement led the Court of Military Review below to conclude that Congress [in Article 16, UCMJ, 10 U.S.C. § 816] intended to invest the judge with some discretion as to whether to approve or disapprove a submitted request. We think the court was correct in that view. To the extent that a request is submitted before assembly of the court, there is little, if any need to balance the interests of the accused and the Government; the principal concern is whether the accused understands the differences between the two forms of trial and knowingly and freely wants one form of trial instead of the other. If the request is submitted after assembly of the court, part of the benefit intended to be secured to the Government [having the court members attend to their regular military duties instead of participating in the trial of the accused] is lost, and there is, resultantly, substantial need to determine whether the loss is so great that the request should be disapproved. In short, there is a far greater need for authority on the part of the judge to approve or disapprove a request for trial by him alone as to a request submitted after assembly of the court than there is as to a request submitted before trial.
To construe the time requirement as nonjurisdictional gives full effect to both of the purposes that led Congress to enact Article 16. Such construction is also consistent with the language of the article. A construction of a statute that achieves these objectives is to be preferred to one that constricts the scope of the statute, contrary to its apparent purpose and without the express command of the statutory language.
Id., 23 C.M.A. at 324, 49 C.M.R. at 658.
The appellant relies on United States v. Nix, 21 C.M.A. 76, 44 C.M.R. 130, 1971 WL 12467 (1971), in an attempt to distinguish Morris. In Nix, the Court of Military Appeals, relying on the precedent of United States v. Dean, 20 C.M.A. 212, 43 C.M.R. 52, 1970 WL 7427 (1970), held that because the acceptance of a written request for trial by military judge alone was a jurisdictional prerequisite to such a trial, when a written request for trial by judge alone followed the testimony of one witness, a jurisdictional error existed requiring reversal without regard to prejudice. In light of the extreme brevity of the Nix decision, where the facts of the case are not clearly discernible, and the court’s later, well-developed precedent in Morris, United States v. Mayfield, 45 M.J. 176 (1996), and United States v. Turner, 47 M.J. 348 (1997), we decline to rely on the Nix decision in deciding this case. In addition, we further note that in response to the decision in Dean, Article 16 was amended by the Military Justice Act of 1983 to permit an oral request for trial by military judge alone “on the record.” Pub.L. No. 98-209 § 3(a), 97 Stat. 1393. As a consequence of these subsequent developments, the continued prece-dential value of the Dean decision, and the closely related Nix decision, is questionable.
In this case, the approval of the military judge-alone request was justified by the circumstances. As evidenced by the pretrial agreement, the convening authority desired to have the appellant plead guilty in a trial before military judge alone. In order for the appellant to secure the benefits of the agreement, the convening authority required him to withdraw his request for officer members and request trial by military judge alone. Through this agreement, the convening authority not only preserved the manpower *957 resources of the command, but eliminated the possibility of any member-related problems. In essence, the Government wanted the benefits of a streamlined trial, and the appellant wanted the benefits of a reduction in charges and a cap on sentencing. Because both sides benefited from the untimely military judge-alone request, and the accused was not prejudiced, the circumstances justified the military judge approving the request.
With respect to the appellant’s argument that, under R.C.M. 903(e), the military judge did not have the discretion to grant a request for trial by military judge alone, we also disagree.
Although R.C.M. 903(e) provides that “the military judge may until the beginning of the introduction of evidence on the merits, as a matter of discretion, approve an untimely request [for trial by military judge alone] or withdrawal of a request,” it nowhere expressly prohibits a military judge from entertaining and approving a judge-alone request after assembly. Even if that Rule could by implication be read to suggest such a prohibition, “the President’s power, under Article 36, UCMJ, to prescribe procedural guidelines before courts-martial is limited to rules not contrary to or inconsistent with the Code.” United States v. Ware, 1 M.J. 282, 285 (C.M.A.1976)(footnotes omitted.). Because our superior court has interpreted the timing provision of Article 16, UCMJ, 10 U.S.C. § 816 to be nonjurisdietional, the President is powerless to make it jurisdictional. See Ellis v. Jacob, 26 M.J. 90, 92 (C.M.A.1988)(noting that President’s rule-making authority does not extend to matters of substantive law).
Furthermore, we note that the non-binding Discussion to R.C.M. 911 suggests a different result than that proposed by the appellant under R.C.M. 903(e). That Discussion provides: “Assembly of the court-martial is significant because it marks the point after which ... the accused may no longer, as a matter of right, request trial by military judge alone.... ” This language certainly implies that after assembly (whether or not evidence on the merits has been presented), the accused may still request trial by military judge alone, but the decision whether to grant that request rests within the discretion of the military judge. As our superior court stated in United States v. Bryant, 23 C.M.A. 326, 327, 49 C.M.R. 660, 661, 1975 WL 15886 (1975): “[E]ven though the Manual for Courts-Martial, United States, 1969(Rev), might indicate that the right to revoke an election for trial by military judge alone was untimely and therefore, could not be made once the court was assembled, the question is more properly one within the discretion of the military judge.”
The appellant also contends that the excusal of members after assembly conflicts with Article 29, UCMJ, 10 U.S.C. § 829, and R.C.M. 505(c)(2)(A). We perceive no conflict. Both Article 29 and R.C.M. 505(c)(2)(A) permit the excusal of members after assembly for good cause. R.C.M. 505(f) defines good cause to include “military exigency.” By the terms of the pretrial agreement, the convening authority concluded that the excusal of the members was exigent under the circumstances. The military judge agreed. We find no error in that decision.
Thus, although there was a technical violation of the plain language of Article 16, UCMJ, 10 U.S.C. § 816 in this case, the Article was complied with substantially, and no jurisdictional error occurred. See United States v. Turner, 47 M.J. 348, 350 (1997); United States v. Mayfield, 45 M.J. 176, 178 (1996); but cf. United States v. Price, 48 M.J. 181 (1998) (technical violation of court-martial rule on trial in absentia held jurisdictional). The record of trial makes clear that the selection of trial by military judge alone was the appellant’s choice and that the technical error — approving the appellant’s request for trial by military judge alone after assembly — did not materially prejudice the substantial rights of the appellant. Art. 59(a), 10 U.S.C. § 859(a).
To hold that the accused lacked the authority to request trial by military judge alone after assembly with members would have necessitated the following scenario to achieve the same result. With the concurrence of the accused, the convening authority would have had to withdraw the charges *958 from the court-martial without prejudice and re-refer the charges to another court.[3] Then the parties would have had to enter into a new pretrial agreement before proceeding to trial. Common sense and judicial economy-must dictate that the short-cut procedure actually employed here, where there was no prejudice to the appellant, must prevail.[4]
Ex Post Facto Application
In a second, summary assignment of error, the appellant contends that he is entitled to an order from this court concerning pay lost as a result of the ex post facto application of Article 57(a), 10 U.S.C. § 857(a). Our superior court has addressed the appellant’s concern in United States v. Gorski, 47 M.J. 370, 374-75 (1997), and United States v. Mooney, 47 M.J. 496, 497 (1998). The problem and the remedy are administrative in nature and do not affect the approved sentence. We provide for any necessary relief in our decre-tal paragraph.
Illegal Pretrial Punishment
In a third, summary assignment of error, the appellant contends that he suffered illegal pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813. Specifically, he alleges that out of the 244 days he spent in pretrial confinement, 141 days were spent in “special quarters,” where he was confined in an individual 8 foot by 6 foot cell all day except for 10 minutes of recreation time and a shower.
The appellant failed to litigate this issue at trial. Although this failure does not waive the issue, it is “strong evidence that [he was] not being punished in violation of Article 13.” United States v. Huffman, 40 M.J. 225, 227 (C.M.A.1994). The only suggestion of illegal pretrial punishment in the record comes from the appellant’s unsworn statement:
CDC: Now, would you describe special quarters for the record, please.
ACC: Special quarters is individual cells, eight by six; and, more or less, you’re segregated from the rest of the brig arid segregated from the people up in SQ. The only time you get to leave that is for shower call, chow, and TV call on the weekends, sir.
CDC: Now, when you get to leave for chow, that’s only if you’re in a particular custody status within special quarters; is that correct?
ACC: Yes, sir. For a period of time, I was in PC status — protective custody — and I was not allowed to leave my cell for any occasion except for shower and 10 minutes for rec call, sir.
CDC: And about how long were you in that status?
ACC: Three months, sir.
From this colloquy, the appellant has not established that any of the conditions of his confinement were meant as punishment. In fact, in argument on the sentence, the appellant’s defense counsel admitted that the pretrial confinement was “not specifically punishment,” asking the judge only to consider the time spent in “special quarters” as a special circumstance in assessing an appropriate sentence. A review of the entire record of trial indicates that the reason the appellant was placed in special quarters was to prevent witness intimidation as well as witness collusion in the brig. The appellant admitted as much in another portion of his unsworn statement:
*959 CDC: And did you understand at the time you were placed in special quarters that there was some particular concerns that a number of people in CSSD-21 might be talking with each other?
ACC: Yes, sir.
We are satisfied that the limitations placed on his freedom were directly related to the orderly operation of the brig, served a legitimate governmental function, and were no more rigorous than were required to ensure his presence at trial. See Bell v. Wolfish, 441 U.S. 520, 538-39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). This assignment of error lacks merit. To avoid resolving this issue in future cases, we suggest to trial judges that if illegal pretrial punishment is intimated at trial, they seek “an affirmative, fully developed waiver” on the record. Huffman, 40 M.J. at 227.
Sentence Appropriateness
In a fourth, summary assignment of error, the appellant contends that his sentence of 244 days confinement and an unsuspended bad-conduct discharge was inappropriately severe for the use of marijuana. We disagree.
We have carefully reviewed the record of trial and find that the sentence is appropriate in all respects for the offense and this offender. United States v. Snelling, 14 M.J. 267, 268 (C.M.A.1982). The appellant admitted using marijuana on four separate occasions aboárd a military installation. Drug use causes a serious reduction in the health, morale, and fitness for duty of persons in the Armed Forces. United States v. Trottier, 9 M.J. 337, 345-47 (1980). “The need is overwhelming to be prepared to field at a moment’s notice a fighting force of finely tuned, physically and mentally fit men and women— and satisfaction of that need is not compatible with indiscriminate use of debilitating drugs.” Id. at 346. While we are sympathetic to the appellant’s family problems, we are also cognizant of the impact that drug use has on good order and discipline; and we find that the balance between the appellant’s crime and the approved sentence was fairly struck. Under the facts and circumstances of this case, we find that the sentence is not inappropriately severe.
We are confident that the military judge gave individualized consideration to the nature of the offense and the character of the offender in reaching a just sentence. We note that the appellant bargained for a plea agreement which put a higher cap on the sentence — a bad-conduct discharge and 11 months confinement — than the one actually adjudged. In addition, the sentence adjudged was significantly less than the maximum punishment allowed by law — confinement for up to 2 years and a bad-conduct discharge. The convening authority also considered the sentence to be appropriate. To grant sentence relief at this point would be to engage in clemency, a prerogative reserved for the convening authority. United States v. Spurlin, 33 M.J. 443, 444 (C.M.A.1991); United States v. Healy, 26 M.J. 394, 395-96 (C.M.A.1988).
Conclusion
Accordingly, we affirm the findings and the sentence, as approved on review below. We return the record of trial to the Judge Advocate General of the Navy for any administrative action that might be required.
Chief Judge OLIVER and Judge LEO concur.

. I. THE SENTENCE IS A NULLITY BECAUSE THE MILITARY JUDGE IMPROPERLY EXCUSED THE MEMBERS AFTER ASSEMBLY AND PROCEEDED AS A TRIAL BY MILITARY JUDGE ALONE.
II. THE APPLICATION OF ARTICLE 57(a), UNIFORM CODE OF MILITARY JUSTICE, VIOLATES THE EX POST FACTO CLAUSE OF THE CONSTITUTION.
III. APPELLANT SUFFERED ILLEGAL PRETRIAL PUNISHMENT IN VIOLATION OF ARTICLE 13, UCMJ.
IV. A SENTENCE INCLUDING 244 DAYS CONFINEMENT AND AN UNSUSPENDED BAD CONDUCT DISCHARGE IS INAPPROPRIATELY SEVERE FOR USE OF MARIJUANA, WHERE APPELLANT SERVED 244 DAYS OF PRETRIAL CONFINEMENT (INCLUDING 141 DAYS IN "SPECIAL QUARTERS”), HAD NO PRIOR DISCIPLINARY HISTORY, USED MARIJUANA DURING A TIME OF GREAT PERSONAL STRESS, AND EXPRESSED SINCERE REMORSE FOR HIS OFFENSE AND A STRONG DESIRE TO COMPLETE HIS ENLISTMENT.

. We commend appellate counsel on the quality of their briefs and oral advocacy.

. R.C.M. 604(b) provides that "[c]harges withdrawn after the introduction of evidence on the general issue of guilty may be referred to another court-martial only if the withdrawal was necessitated by urgent and unforeseen military necessity.” The necessity of effectuating a pretrial agreement should meet this standard and avert a former jeopardy issue, assuming that the accused is fully advised and agrees. See Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949); United States v. Richardson, 21 C.M.A. 54, 44 C.M.R. 108, 1971 WL 12460 (1971).

. We note that Federal Rule of Criminal Procedure 23(a) permits a federal criminal defendant to waive a jury trial, but only "with the approval of the court and the consent of the government.” In Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854 (1930), the Supreme Court upheld this right. In so doing, the Court held that the provision of Art. Ill, § 2 of the Constitution, relating to trial by jury, "is not jurisdictional, but was meant to confer a right upon the accused which he may forego at his election.” Id. at 298, 50 S.Ct. 253. "To deny his power to do so, is to convert a privilege into an imperative requirement.” Id.