UNITED STATES, Appellee

v

WILLIE E. DEAN, Sergeant, U. S. Marine Corps, Appellant

20 USCMA 212, 43 CMR 52

No. 23,137

December 18, 1970*

*Commander Maitland G. Freed*, JAGC, USN, argued the cause for Appellant, Accused. With him on the brief were *Commander E. M. Fulton, Jr.*, JAGC, USN, *Captain John N. Stafford*, USMCR, and *Lieutenant Allen D. Black*, JAGC, USNR.

*Lieutenant Thomas J. Donegan, Jr.*, JAGC, USNR, argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Charles J. Keever*, USMC, and *Commander Michael F. Fasanaro, Jr.*, JAGC, USN.

### Opinion of the Court

DARDEN, Judge:

The question for decision here is whether a court composed of a military judge alone has jurisdiction to try an accused who has not requested in writing that he be tried in that manner. We hold that a request in writing is an indispensable jurisdictional prerequisite.

On December 4, 1969, the accused pleaded guilty before a general court-martial at Camp Pendleton, California, to possession of a depressant drug, in violation of Article 92, Uniform Code

---

* Also decided and reversed this date on the same point were United States v Boyd, No. 23,145; United States v Mahoney, No. 23,320; United States v Tomaszczuk, No. 23,374, and United States v Vonderhoffen, No. 23,512. Another trial may be ordered in each of these cases.

of Military Justice, 10 USC § 892, and to the wrongful sale of seconal, in violation of Article 134, Code, supra, 10 USC § 934. The military judge sentenced him to a bad-conduct discharge, forfeiture of $100.00 per month for three months, and reduction to pay grade E–1.

At trial the military judge noted he had not received a request in writing from the accused that he be tried by a judge sitting alone.

Paragraph 53d(2)(d), Manual for Courts-Martial, United States, 1969 (Revised edition), provides:

"If a request for trial by the military judge alone has not been made prior to trial or at an Article 39(a) session, if any, the military judge, after calling the court to order, should give the accused an opportunity to make such a request. If the accused submits a request and the military judge approves, the military judge should excuse the members from further participation in the case and announce that the court is assembled for the trial of the case. If the accused expressly declines to submit a request or if the military judge disapproves the request, the trial will proceed."

In compliance with this provision of the Manual, the judge informed the accused of his right to request trial by the judge sitting alone in the following exchange:

"MJ: I have not received a request in writing for trial before me sitting alone. I would like to advise you, Sergeant Dean, that you have a choice to be tried before me sitting alone or by me, the military judge, and the members of the court. If you elect to be tried before me, the military judge, sitting alone, then I alone will determine the findings of guilt or innocence and determine an appropriate sentence. If you elect to be tried by me and the members of the court, the members of the court will make the findings of guilt or innocence and, if a conviction results, determine an appropriate sentence.

"Take time to discuss this with your counsel and then let me know your choice.

"The accused conferred with his counsel out of the presence of all others present in the courtroom.

"ACCUSED: Sir, I would like to be tried by the military judge alone, sir.

"MJ: Are you satisfied that you understand what such a choice means?

"ACCUSED: Yes, sir.

"MJ: Do you have any questions about this right of choice that you have?

"ACCUSED: No, sir.

"MJ: Does the Government have any argument to make?

"TC: No argument, sir.

"MJ: Very well. Your request is granted."

No request in writing was made. The judge proceeded to try the appellant, with the result indicated supra.

Our concern is with that part of Article 16, Uniform Code of Military Justice, 10 USC § 816, which provides:

"The three kinds of courts-martial in each of the armed forces are—

(1) general courts-martial, consisting of—

(A) a military judge and not less than five members; or

(B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests *in writing* a court composed only of a military judge and the military judge approves. . . ." [Emphasis supplied.]

Not until the Military Justice Act of 1968, Public Law 90–632, 90th Congress, Second Session, 82 Stat 1335, was it possible for an accused to elect to be tried by a military judge alone at a general court-martial or a special court-martial. The 1968 Act amended

Article 16 to read as it is quoted above. The original version of the bill that became the Military Justice Act of 1968 made a request for trial by military judge alone subject to approval by the convening authority. The Senate eliminated the requirement for convening authority approval, explaining in its committee report:

> "The bill as passed by the House made the election of the accused to be tried by such a single-officer court subject to the approval of the military judge and the consent of the convening authority. The committee has amended the provision by deleting the requirement for consent by the convening authority. The report of the Committee on Armed Services of the House of Representatives states that the provision is modeled after rule 23a of the Federal Rules of Criminal Procedure, which provides that both the court and the Government must consent to waiver by the defendant of trial by jury. However, the committee believes that there are differences between the military community and the civilian community which makes such an exact parallel in procedures inadvisable. The command structure in the military presents a possibility of undue prejudicial command influence that is not present in civilian life. In any case, the military judge, after having heard arguments from both trial counsel and defense counsel concerning the appropriateness of trial by military judge alone, will be in the best position to protect the interest of both the Government and the accused." [Senate Report No. 1601, 90th Congress, Second Session (1968).]

The Government suggests that the eliminated provision for approval by the convening authority of a request for trial by military judge alone may explain why the requirement that the request be in writing before assembly of the court was included. We think it more likely that the language "before the court is assembled" was added to avoid the unnecessary expenditure of time by court members who would

not be needed if the trial was conducted by a judge sitting alone. Another possibility is that Congress intended the election to be made deliberately, in an unhurried setting.

A substantial part of the Government's case supporting an oral choice of trial by military judge alone relies on the analogy between Article 16 and Rule 23(a), Federal Rules of Criminal Procedure, which provides:

> **"Trial by Jury.**
>
> "Cases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the approval of the court and the consent of the government."

Government counsel call our attention to cases in which oral waiver of a jury trial has been held valid under Rule 23, Federal Rules of Criminal Procedure: Bayless v United States, 381 F2d 67 (CA 9th Cir) (1967); Pool v United States, 344 F2d 943 (CA 9th Cir) (1965); and Rogers v United States, 319 F2d 5 (CA 7th Cir) (1963), certiorari denied, 375 US 989, 11 L Ed 2d 475, 84 S Ct 524 (1964). The cited cases are decisively different from the one now before us. Courts established under Article III of the Constitution are in existence and retain their jurisdiction, irrespective of whether a defendant waives his right to trial by jury. But a military court's jurisdiction does not exist unless the court is created in accordance with the statute authorizing it. In the often repeated words of Mr. Justice Peckham in McClaughry v Deming, 186 US 49, 62, 46 L Ed 1049, 22 S Ct 786 (1902):

> ". . . A court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction."

Earlier in this opinion we refer to the Manual provision requiring that if before trial an accused has not elected in writing to be tried by judge alone the judge should remind him of this right at trial. The Manual also provides a procedure to be followed if a request

for trial by military judge alone is first made at an Article 39(a) session. Paragraph 53d(2)(c), Manual for Courts-Martial, United States, 1969 (Revised edition). Since the Manual provisions relating to election of trial by judge alone at an Article 39(a) session or at trial before the court is assembled do not repeat the language of the statute that such an election be in writing, some military judges may have overlooked that the statute does not differentiate between an election made several days before trial, one made at an Article 39(a) session, or one made after the court is called to order. The opportunity for an accused to make an election after the court is called to order is not a requirement of the statute and it cannot vary the terms of the statute.

Without compliance with the provisions of Article 16 for a request in writing, a court composed of a military judge alone is not lawfully constituted as a court. We believe it hardly arguable that before the 1968 amendment to Article 16 an accused could voluntarily subject himself to trial by a general court-martial composed solely of the military judge's predecessor in function, a law officer. How, then, may an accused subject himself to such a trial now except in compliance with the terms of Article 16?

Appellate Government counsel earnestly urge us to consider the absence of any indication that the choice in this case was not intelligent or voluntary and the absence of any prejudice to the accused. This we have done. We have also considered the argument that a requirement for request in writing in these circumstances is an insistence on a meaningless ritual or the elevation of form over substance. We are not free to alter a plain requirement of the law, even though in this instance the oral answers of the appellant make clear his desire to be tried by the judge alone.

Our examination of the legislative history of the provision at issue discloses no indication of a congressional purpose that after the court is called to order an accused be reminded of his right to trial by judge alone. Probably to forestall claims that an accused was prejudiced by ignorance of this right, the Manual imposes a requirement for such a reminder. Paragraph 53d(2)(d), Manual, supra. If this procedure has caused the requirement for a written request not to serve any obvious purpose, elimination of the prerequisite is a legislative function and not one for the courts. When after the court is called to order an accused indicates his desire to be tried by judge alone, the proper procedure is to recess the court while the request is executed in writing.

The decision of the United States Navy Court of Military Review is reversed. The findings of guilty and sentence are set aside. The record of trial is returned to the Judge Advocte General of the Navy. Another trial may be ordered.

Judge FERGUSON concurs.

QUINN, Chief Judge (dissenting):

I am not persuaded by any of the reasons advanced by the majority that a request for trial before a military judge alone made at trial orally, rather than in writing, with full understanding of the right to trial by a court-martial composed of court members and of other rights incidental to a trial before court members, and after consultation with qualified counsel, is a jurisdictional defect. In my opinion, Article 16, Uniform Code of Military Justice, 10 USC § 816, requires a writing only when a request for trial is made outside the courtroom in circumstances which are not recorded as part of the court proceedings.

Article 16 does not require that the request for trial by a military judge be in a special form and it does not require that it bear the signature of the accused. In my opinion, the official transcript of the judge's questions and the accused's responses constitute a writing sufficient to satisfy the statute. But even if I am wrong in this view, this Court has always been guided by the practice in the Federal civilian courts, when a different practice is not prescribed by the Uniform Code. Arti-

cle 16 is identical in purpose and requirement to Rule 23, Federal Rules of Criminal Procedure, regarding the waiver of a jury trial. The uniform rule in the Federal courts, as acknowledged by the majority, is that an oral waiver of the constitutional right to a jury trial is contrary to Rule 23, but is not necessarily reversible error. That rule is completely compatible with Article 16. It is also consistent with the well-settled rule in military law that substance not form determines whether a departure from prescribed procedure constitutes reversible error. Only last month, we held that the accused's understanding of a fact essential to a valid request for a trial by a military judge, which under the Manual for Courts-Martial is required to be set out in the request, can properly be supplied by proof outside the writing. United States v Turner, 20 USCMA 167, 43 CMR 7 (1970).

I would affirm the decision of the United States Navy Court of Military Review.