UNITED STATES, Appellee

v

THOMAS ROUNTREE, Jr., Airman First Class,
U. S. Air Force, Appellant

21 USCMA 62, 44 CMR 116

No. 24,277

August 20, 1971

*Colonel Bertram Jacobson* and *Lieutenant Colonel Norman L. Paul* were on the pleadings for the Appellant, Accused.
*Colonel James M. Bumgarner* and *Captain Bruce D. Viles* were on the pleadings for Appellee, United States.

## Opinion of the Court

DARDEN, Chief Judge:

The general court-martial convening order in this case designated Colonel Seymour Abrams as the military judge. Appellant Rountree requested in writing that his trial be by military judge alone. An amendment to the original court-martial order substituted the name of Colonel Carl Abrams as the military judge, but the accused did not execute a new request in writing to be tried by Colonel Carl Abrams. Instead, Colonel Carl Abrams, after satisfying himself that Rountree understood the significance of a request for trial by a military judge alone, struck the name Seymour from the request in writing Rountree had executed and inserted his first name.

Under Article 16, Uniform Code of Military Justice, 10 USC § 816, before requesting trial by a military judge alone an accused must know the identity of the judge who is to function. When the military judge who functions is different from the one named in an accused's request to be tried by military judge alone, the accused must execute a new request in order to meet the jurisdictional prerequisite of Article 16. United States v Dean, 20 USCMA 212, 43 CMR 52 (1970).

Despite Rountree's indication after trial that he was satisfied with the trial that occurred we reverse the decision of the Court of Military Review and set aside the findings of guilty and the sentence. The record of trial is returned to the Judge Advocate General of the Air Force. Another trial may be ordered.

Senior Judge FERGUSON concurs.

QUINN, Judge (dissenting):

The meager indication in the trial record as to the accused's knowledge of the actual identity of the trial judge

might have required further inquiry. See United States v DuBay, 17 USCMA 147, 37 CMR 411 (1967). However, defense affidavits have clarified the matter, and as the record now stands there is no doubt as to the accused's understanding. The situation here, therefore, is similar to that in United States v Dean, 20 USCMA 212, 43 CMR 52 (1970). For the reasons set out in my dissent there, I dissent here.