UNITED STATES, Appellant

v

LLOYD A. BROWN, Private, U. S. Army;
GEORGE T. PORTER, Private, U. S. Army;

and

ALLAN P. YANSKE, Private, U. S. Army,
Appellees

21 USCMA 516, 45 CMR 290

*Captain Stan L. Spangler* argued the cause for Appellant, United States. With him on the briefs were *Lieutenant Colonel Ronald M. Holdaway, Captain Benjamin P. Fishburne, III, Captain Mark L. Tuft,* and *Captain Richard L. Menson.*

*Captain David A. Fischer* argued the cause for Appellees, Accused. With him on the briefs were *Colonel George J. McCartin, Jr., Colonel Arnold I. Melnick, Lieutenant Colonel Joseph E. Donahue, Captain Robert H. Dickman,* and *Captain Francis X. Gindhart.*

## Opinion of the Court

DUNCAN, Judge:

At the request of counsel for both sides these cases have been consolidated inasmuch as they present essentially the identical question. In each, the Court of Military Review held that the court-martial was without jurisdiction to proceed because of an error in the written request for trial by military judge alone. United States v Dean, 20 USCMA 212, 43 CMR 52 (1970); United States v Rountree, 21 USCMA 62, 44 CMR 116 (1971). The Judge Advocate General of the Army has, by certificate to this Court, questioned the correctness of these decisions.

A copy of the request for trial by military judge alone, submitted in *Brown,* is set forth hereinafter:

"REQUEST FOR TRIAL BEFORE MILITARY JUDGE ALONE (ART. 16, UCMJ)

UNITED STATES OF AMERICA
V.
Lloyd A. Brown

I have been informed that ———— ——————— is the military judge detailed to the court-martial to which the charges and specifications pending against me have been referred for trial. After consulting with my defense counsel, I hereby request that the court be composed of the military judge alone. I make this request with full knowledge of my right to be tried by a court-martial composed of (commissioned)[1] officers (and, if I so request, enlisted personnel).[2]

(Dated) 22 Nov, 1970
/s/ Lloyd A. Brown
(Signature of accused)
————————————————
(Typed Name and Grade)

Prior to the signing of the foregoing request, I advised the above accused fully of his right to trial before a court-martial composed of (commissioned)[1] officers (and of his right to have such court consist of at least one-third enlisted members not of his unit, upon his request).[2]

(Dated) 22 Nov, 1970
/s/ Gary C. Suoja
(Signature of Defense Counsel)
————————————————
(Typed Name and Rank)

Argument is (not) requested.
(Dated) 24 Nov, 1970
/s/ Robert D. Seaman
(Signature of Trial Counsel)
————————————————
(Typed Name and Rank)

**517**

The foregoing request for trial before me alone is hereby:

☒ Approved      ☐ Disapproved
(Dated) 24 Nov, 1970
/s/ John G. Lee, Col. JAGC
(Signature of Military Judge)

_____
(Typed Name and Rank)."

As is apparent, when the request for trial by judge alone was submitted by the appellant, it did not contain the name of the military judge.[1] The request was submitted in blank.

Article 16, Uniform Code of Military Justice, 10 USC § 816, provides that a court-martial (special or general) may consist of:

"(B) only a military judge, if before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves."

See also paragraph 53d(2), Manual for Courts-Martial, United States, 1969 (Revised edition).

In United States v Dean, supra, this Court held that a request _in writing_ is a jurisdictional prerequisite to trial by military judge alone. Since the record in _Dean,_ a trial conducted by military judge alone, failed to reflect that the statute had been fully complied with (no written request was submitted), we held that the court-martial was without jurisdiction. As we said:

"Without compliance with the provisions of Article 16 for a request in writing, a court composed of a military judge alone is not lawfully constituted as a court." [_Ibid.,_ at page 215.]

See also United States v Nix, 21 USCMA 76, 44 CMR 130 (1971), where the written request was not submitted until after the testimony of one witness, and United States v Fife, 20 USCMA 218, 43 CMR 58 (1970), where

the request was not submitted until after findings.

United States v Rountree, supra, presented another facet of this problem. Rountree's request in writing had originally contained the name of Captain Seymour Abrams, the military judge designated in the convening orders. An amendment to the original court-martial order substituted the name Colonel Carl Abrams as the military judge, but Rountree did not execute a new request in writing to be tried by Colonel Carl Abrams. Instead Colonel Carl Abrams, after satisfying himself that Rountree understood the significance of a request for trial by a military judge alone, struck the name Seymour from the request in writing Rountree had executed and inserted his first name. In reversing Rountree's conviction, we said:

"Under Article 16, Uniform Code of Military Justice, 10 USC § 816, before requesting trial by a military judge alone an accused must know the identity of the judge who is to function. When the military judge who functions is different from the one named in an accused's request to be tried by military judge alone, the accused must execute a new request in order to meet the jurisdictional prerequisite of Article 16. United States v Dean, 20 USCMA 212, 43 CMR 52 (1970)." [_Ibid.,_ at page 62.]

Rather plainly stated there is no manifest difference between entering the name of a different judge than that erroneously set forth in the written request, as in _Rountree,_ and failing to enter the name of the judge at all, as in the case at bar.

In neither instance can it be said that the written request served to indicate that the accused, prior to the time the court was assembled, knew the identity of the military judge who would try his case. No objections to the trial by the particular judge sitting was made in either _Rountree_ or the cases herein under review. Furthermore, here, as in _Rountree,_ the preparation of a new written request

_____
[1] The identical omission occurred in _Porter_ and _Yanske._

518

correctly setting forth the name of the trial judge would have been jurisdictionally remedial.

Appellant is correct in reminding us that Article 16, Code, supra, does not specifically state that the military judge's name must be contained in the written request. However, United States v Dean and United States v Rountree, both supra, as they interpret Article 16, Code, supra, call for the conclusion that the "in writing" requirement extends to the inclusion of the name of the military judge. If a cardinal purpose in the enactment of Article 16(2)(B), Code, supra, is to clear the air of certain procedural uncertainties in order that all parties would be more aware of by whom the facts of a case are to be tried, it follows that requiring the inclusion of the name of the judge in the written request is consistent with that purpose.[2]

In each case the certified question is answered in the affirmative.[3]

Chief Judge DARDEN concurs.

QUINN, Judge (dissenting):

I adhere to my view in United States v Dean, 20 USCMA 212, 43 CMR 52 (1970), and United States v Rountree, 21 USCMA 62, 44 CMR 116 (1971), and would, therefore, reverse the decision of the Court of Military Review in each case.

---

[2] In United States v Dean, 20 USCMA 212, 214, 43 CMR 52 (1970), Judge Darden stated:

". . . We think it more likely the the language 'before the court is assembled' was added to avoid the unnecessary expenditure of time by court members who would not be needed if the trial was conducted by a judge sitting alone. Another possibility is that Congress intended the election to be made deliberately, in an unhurried setting."

[3] A second question raised only in *Yanske* is also answered in the affirmative. Lack of jurisdiction voids the entire proceedings. The military judge, in *Yanske,* purported to act as a general court-martial. Without a properly executed request there simply was no court.