September 13, 1972

No. 72–33 James M. Lewis, Formerly PFC, U. S. Marine Corps v United States.

Petitioner contends, and the Government in its reply admits, that a request for trial by military judge alone at his trial by general court-martial was improperly executed in that it omitted to specify the name of the judge who was requested to try the case. As a consequence, the court-martial which was convened on May 22, 1970, to try him lacked jurisdiction to hear the petitioner's case.

United States v Brown, 21 USCMA 516, 45 CMR 290 (1972); United States v Grote, 21 USCMA 519, 45 CMR 293 (1972); United States v Rountree, 21 USCMA 62, 44 CMR 116 (1971); United States v Dean, 20 USCMA 212, 43 CMR 52 (1970).

In Belichesky v Bowman, 21 USCMA 146, 44 CMR 200 (1972), our decision in United States v Dean, supra, was held retroactively applicable to August 1, 1969, the effective date of the Military Justice Act of 1968 (Act of October 24, 1968, Public Law 90–632, 82 Stat 1335). It, as well as the holdings in United States

v Brown and United States v Grote, both supra, are accordingly applicable to the accused's case.

It is, therefore, by the Court, this 13th day of September 1972,

ORDERED:

That the Petition for Extraordinary Relief filed in the above-styled case be, and the same hereby is, granted. The decision of the United States Navy Court of Military Review is reversed and the findings and sentence of accused's general court-martial are hereby set aside.