UNITED STATES, Appellant

v

ROOSEVELT MARELL, Staff Sergeant, U. S. Army, Appellee

No. 28,388

December 13, 1974

*Captain Richard A. Gallivan* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway, Lieutenant Colonel Donald W. Hansen,* and *Captain David A. Schlueter.*

*Captain Frederick G. Boynton* argued the cause for Appellee, Accused. With him on the brief were *Colonel Victor A. DeFiori, Lieutenant Colonel Edward S. Adamkewicz, Jr.,* and *Captain Gordon R. Denison.*

### OPINION OF THE COURT

QUINN, Judge:

The U. S. Army Court of Military Review reversed the accused's conviction for two violations of the Uniform Code of Military Justice and dismissed the charges on the ground that the Government had prejudicially delayed in bringing the accused to trial. *United States v Marell,* 48 CMR 817 (ACMR 1974). As authorized by Article 67(b)(2) of the Code, the Acting Judge Advocate General has asked review of the correctness of that decision.

If an accused is deprived of his liberty in advance of trial of criminal charges against him, the Government must take "immediate steps . . . to try him or to dismiss the charges and release him." Article 10, UCMJ, 10 USC § 810. To effectuate the statutory command and provide "guidance for determining compliance" with it,[1] we promulgated a presumption of a prejudicial violation of the article from a delay in bringing the accused to trial that exceeds, excluding continuances at accused's request, a period variously described as "3 months" or "90 days." The presumption imposes "a heavy burden on the Government to show diligence" in its prosecution or suffer dismissal of the charges as directed by Article 10.[2] The Court of Military Review concluded that the presump-

---

[1] United States v Burton, 21 USCMA 112, 117, 44 CMR 166, 171 (1971).

[2] *Id.* at 118, 44 CMR at 172; United States v Jackson, 22 USCMA 481, 47 CMR 730 (1973); United States v Marshall, 22 USCMA 431, 47 CMR 409 (1973).

tion was present in this case and the Government had not demonstrated diligence to justify the extra time taken to bring the accused to trial.

As accused was confined on December 2, 1972, the parties agree that this date marks the beginning of the period of the Government's accountability. They also agree the accused was released from confinement on March 7, 1973, 3 months and 5 days later. If no proceedings had been had in that interval, the accused would unquestionably be entitled to dismissal of the charges. Between the two dates, however, events took place that bear materially upon the court's decision.

On February 16, 1973, 2 months and 14 days after accused was placed in pretrial confinement, an Article 39(a) session was held before the trial judge of the court-martial to which the charges had been referred to trial. The accused entered a plea of guilty to two of the five offenses lodged against him. The plea was accepted, and findings of guilty were entered by the judge. Additionally, the judge dismissed a third charge on the ground of insufficiency of allegation. Further proceedings in the case were continued from time to time. On April 12, 1973, at another Article 39(a) session, defense counsel moved to dismiss "all charges" for "lack of speedy trial," including those as to which findings of guilty had been entered. The motion was denied, and the remaining two offenses were tried on the merits. At the end of the prosecution's case, a motion for a finding of not guilty was granted as to one of these offenses; later, findings of not guilty were returned as to the other. Sentence was imposed for the offenses to which the accused had, on February 16, pleaded guilty.

Government counsel contend that the Court of Military Review erred in reversing the accused's conviction. Their argument has two aspects. First, they maintain that for the purpose of determining the end of the period of the Government's accountability for delay, the accused is brought to trial "by the initiation" of an Article 39(a) session. Such a session, they argue, places all further proceedings in the case "beyond the control of the prosecution" and within the sole control of the judge. As the first Article 39(a) session was held well within the period which must elapse before the presumption of prejudice becomes operative, they conclude that the proceedings against the accused were timely. Alternatively, counsel contend that, even if every Article 39(a) session does not constitute bringing the accused to trial within the *Burton* presumption, the Article 39(a) session of February 16 had that effect because the accused entered a plea of guilty, and findings of guilty thereon were made by the trial judge. Oppositely, appellate defense counsel attach no significance to any Article 39(a) session. In their view, an accused is not brought to trial until a court-martial is formally assembled.

The essence of the *Burton* presumption, indeed the entire concept of Article 10, is that an accused should not unnecessarily be confined while his guilt remains judicially undetermined. An accused is entitled to a presumption of innocence; hence, before he is brought to trial, he should not be subjected for an undue period of time to the rigors of confinement in addition to the disadvantages of an undetermined criminal charge. The presumption of innocence, however, disappears with the entry of findings of guilty, whether those be based upon a plea of guilty or upon evidence that convinces the factfinder beyond a reasonable doubt of the accused's guilt. Consequently, whatever the label of the proceedings at which findings of guilty are entered, such findings logically and legally satisfy the purpose of Article 10 and the import of the *Burton* presumption.

Each offense with which an accused is charged "involves a different time" for determination of the timeliness of its prosecution. *United States v Mladjen,* 19 USCMA 159, 161, 41 CMR 159, 161 (1969); *United States v Mohr,* 21 USCMA 360, 45 CMR 134 (1972). As a result, one or more of a number of charges may be subject to dismissal for undue delay in prosecution, but others may not. Whatever the timeliness of the proceedings as to the offenses of which the accused was

absolved of liability, as to the offenses to which he pleaded guilty, and to which findings of guilty were entered, the proceedings were timely within the *Burton* presumption. The Court of Military Review, therefore, erred in its decision.

We answer the certified question[3] by holding that the U. S. Army Court of Military Review was not correct in its determination that the Article 39(a) session at which a plea of guilty was accepted and findings of guilty entered did not constitute being brought to trial within the period that must elapse for the *Burton* presumption to be operative. Accordingly, the record of trial is returned to the Judge Advocate General for submission to the court for further proceedings consistent with this opinion.

Judge COOK and Senior Judge FERGUSON concur.

---

[3] "Was the Court of Military Review correct in holding that an article 39(a) session in which motions were made, argued, and ruled upon, and pleas of guilty entered, determined provident, and accepted, did not constitute being brought to trial within the 90 day period mandated by United States v Burton, 21 USCMA 112, 44 CMR 116 (1971)?"