UNITED STATES

v.

Sergeant William D. HUSSEY, FR 531–60–9501 Headquarters, 22d Bombardment Wing Fifteenth Air Force (SAC).

ACM 21892.

U. S. Air Force Court of Military Review.

Sentence Adjudged 19 April 1975.

Decided 25 Feb. 1976.

Appearances: Appellate counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III. Appellate counsel for the United States: Colonel C. F. Bennett, Colonel Julius C. Ullerich, Jr., and Captain Frederick P. Waite.

## DECISION

ROBERTS, Senior Judge:

Tried by a military judge sitting alone as a general court-martial, the accused stands convicted, contrary to his pleas of not guilty, of conspiracy to smuggle heroin from Thailand into the United States by military aircraft and attempted possession of heroin in violation of Articles 81 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 880. The approved sentence is a bad conduct discharge, confinement at hard labor for 15 months, forfeiture of $228.00

per month for 15 months, and reduction to airman basic.

In a single assignment of error, appellate defense counsel contend that the court-martial below did not have jurisdiction to try this case and that another trial should be ordered because the space provided for the military judge's name at the top of the DD Form 1722, Request For Trial Before Military Judge Alone, was left blank. We disagree.

■ Article 16 of the Uniform Code of Military Justice, 10 U.S.C. § 816, provides as jurisdictional prerequisites for a trial by military judge alone: (1) that the accused know the identity of the military judge; (2) that he consult with defense counsel; (3) that, before the court is assembled, he submit a written request for a court composed of only a military judge, and (4) that the military judge approve the request. Thus, the Court of Military Appeals has held that a bench trial is jurisdictionally defective if the request is made orally (*United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970)); if the request is made without knowledge of the judge who is to function (*United States v. Rountree*, 21 U.S.C.M.A. 62, 44 C.M.R. 116 (1971)); or, if the request is not submitted until after the court-martial has assembled (*United States v. Nix*, 21 U.S.C.M.A. 76, 44 C.M.R. 130 (1971)).

■ In the case before us, the military judge who sat was appointed, and the charges referred to his court for trial, 15 days before an initial Article 39(a), 10 U.S.C. § 839(a), session was held. At an early stage of the proceedings, with the accused being present, the military judge noted that he had not received a request for trial by military judge alone. The trial defense counsel stated he had informed the accused of his right to make such a request, but they did not desire to make that choice until after receiving rulings on certain preliminary motions, none of which pertained to the composition of the court-martial. The ensuing motions and arguments lasted

nearly an hour and take up more than 30 pages of the record of trial; the accused was present throughout. Under these circumstances, it is manifest and undeniable that the accused knew the identity of the military judge at this stage of the proceedings.

After the final preliminary motion was made, the trial defense counsel, in open court, handed to the military judge a prepared form request for trial by military judge alone. The only two signatures he noted as being on the form at the time were those of himself and the accused. It may be readily inferred from the record of trial that the written request had not been seen previously by either the military judge or the trial counsel.[1] There were block-typed on the form signature elements for the accused, counsel, and, in the space provided on the form for his approval, the typewritten name and rank of the military judge. After an appropriate inquiry as to the accused's understanding of the effect of a request for trial by judge alone, the military judge approved and signed the form. It was apparently not noticed by any of the participants that the space for the judge's name at the top of the form had not been filled out.

Appellate defense counsel contend that the holding of the Court of Military Appeals in *United States v. Brown*, 21 U.S.C.M.A. 516, 45 C.M.R. 290 (1972) necessitates that we reverse this case because of the above-described technical, clerical error. We do not find *Brown* to be dispositive, because, although there are many similarities, there are important differences between the facts in that case and the case before us. It is no doubt true that *Brown* and *United States v. Rountree, supra,* match the case *sub judice* in that it was held in those cases that the showing that counsel were undoubtedly aware of the identity of the military judge was insufficient to overcome defects in the written

---

1. In an affidavit obtained by appellate government counsel, the trial counsel confirms this and adds that he placed his signature on the form, as having no objection to a bench trial, at the time it was handed to him in open court.

requests.[2] But the request form in *Rountree* named the wrong officer as military judge when it was signed and submitted by the accused, and the form in *Brown* named no military judge when signed by the accused, as it was totally blank. Thus there was no indication in either case, certainly not from the request forms themselves, that at the time either accused asked for a bench trial, *he* knew the identity of the military judge who would try his case. As Article 16 of the Uniform Code of Military Justice requires that an accused have such knowledge before the request is submitted, the Court of Military Appeals held the requests in those cases to be without effect. *United States v. Rountree, supra,* 44 C.M.R. at 116; *United States v. Brown, supra,* 45 C.M.R. at 292.

The record of trial in this case, however, demonstrates that when the request for trial by military judge alone was made, the accused in fact knew who the judge was. It would be fatuous to surmise that he did not know when he personally witnessed the judge making preliminary rulings in his case before the court was formally assembled and before the request was actually made. Additionally, the request form signed by the accused served to inform the accused of the identity of the military judge; it was not totally blank, after all, as was the form used in *Brown.* The name of the judge was typewritten on the form at the place for his approval, although it had been omitted from the space provided at the top. In our view, therefore, the request complied with the procedural requirements of Article 16, and the military judge had jurisdiction to sit alone as a general court-martial.

■ Although not necessary to our decision, we cannot help but observe that the fact the request form was prepared by the defense counsel is not without significance. It cannot be gainsaid that the trial counsel and military judge should have noticed the absence of the judge's name from the space provided. But it is a cardinal principle that counsel cannot create an error in a trial and then seek reversal on appeal on that ground. See *United States v. Parker,* 8 U.S.C.M.A. 704, 25 C.M.R. 208 (1958). The circumstances of this case are similar to the bench trial that was upheld by our sister Court of Military Review of the Army in *United States v. Paschall,* 49 C.M.R. 181 (A.C.M.R.1974), Petition for Grant of Review dismissed, 13 January 1975, Court of Military Appeals Docket No. 29,390.[3] In that case, the military judge was changed after the accused had signed a request for trial by the first appointed judge alone. Instead of preparing a new request, as directed by the holdings in *Rountree* and *Brown,* both *supra,* the defense counsel merely inserted the substitute judge's name over that already on the form and informed the accused of the change. Although the alteration was not detected at trial, the Army Court of Military Review held that there was nonetheless compliance with Article 16, Uniform Code of Military Justice, and the court-martial had jurisdiction. We have reached the same conclusion in this case.

Although we have found that the court-martial below had jurisdiction to proceed, we will not address the merits of the findings or sentence in the case because of a

---

2. At the time *Rountree* was decided Colonel Carl Abrams was the only officer with that last name performing duty as a general court-martial military judge in the Air Force, but the appointed orders and request form had erroneously shown the name of Colonel Seymour Abrams. The Army Court of Military Review in deciding *Brown,* reported at 44 C.M.R. 883, noted the military judge in that case was similarly the only one who had served in that capacity within the command during the previous five months. The military judge in this case, of course, is one of but only two military judges

that are assigned to the geographic area in which this trial was held.

3. Erroneously shown as Petition for Review Granted at 49 C.M.R. 889. In fact, a government motion to dismiss the petition is what was granted. As the issue assigned in *Paschall* alleged lack of jurisdiction by the court-martial, we take the action of the Court of Military Appeals to be of more significance than the usual denial of a petition, whatever that might be. See *Del Prado v. United States,* 23 U.S.C. M.A. 132, 48 C.M.R. 748 (1974).

procedural infirmity we detect in our review. At the conclusion of the case-in-chief, the military judge granted a request for special findings, yet, there are no special findings of fact contained in the record of trial. It appears that through inadvertence, or otherwise, the military judge did not make them. We might speculate that the military judge intentionally decided not to make special findings because of the inartful, confusing manner in which the request was made. The colloquy in the record of trial is as follows:

MJ: Either prosecution or defense have anything further?

DC: Yes, one more thing. We would request paragraph 74*i*, Manual for Courts-Martial, special findings on this matter: What evidence corroborates the alleged admissions of the accused so as to prove beyond a reasonable doubt that the agreement alleged in Charge I occurred; and, also what evidence corroborates the alleged admissions of the accused so as to establish beyond a reasonable doubt that the overt acts in Charge I occurred.

MJ: Will you restate that last one?

DC: What I am asking is a special finding as to what other evidence is there to corroborate the admissions of the accused to prove beyond a reasonable doubt that the overt acts charged in the conspiracy count did in fact occur.

MJ: The request for special findings is granted.

After the military judge announced his general findings of guilt, he said, "special findings requested will be prepared and attached to the record of trial at the time the record is authenticated."

▮ We take the obligation of a military judge to make special findings upon request to be mandatory. Article 51(d) of the Uniform Code of Military Justice provides in part:

The military judge of such court-martial (trial by judge alone) shall make a general finding and shall in addition on request find the facts specially.

The use of the word "shall" itself makes clear the Congressional intent that a military judge has no choice but to make special findings when requested. The legislative history of the codal provision also demonstrates the obligation to be mandatory. Article 51(d) is obviously taken from Rule 23c of the Federal Rules of Criminal Procedure which provides:

In a case tried without a jury the court shall make a general finding and shall in addition on request find facts specially.

When Rule 23c was drafted in 1944 by the Advisory Committee, it contained the discretionary word "may" with respect to the making of special findings by a judge sitting alone. But upon review by the United States Supreme Court the mandatory word "shall" was inserted. Orfield, Criminal Procedure under the Federal Rules, Volume 3, Section 23:37. And, the mandatory word "shall" was incorporated in the Rule when it was enacted by the Congress. As bench trials are of a fairly recent origin in the military, and did not exist prior to the Military Justice Act of 1968, there are few reported cases dealing with special findings reported in the Court-Martial Reports. However, the Federal courts have consistently held that it is reversible error for a judge not to make special findings when they are requested. *United States v. Morris*, 263 F.2d 594 (7th Cir. 1959); *United States v. Johnson*, 496 F.2d 1131 (5th Cir. 1974); *Howard v. United States*, 423 F.2d 1102 (9th Cir. 1970). However, in some circumstances the refusal to give complete special findings might be harmless error. *United States v. Rivera*, 444 F.2d 136 (2d Cir. 1971). On the other hand, it is the rule in Federal courts, that a judge sitting alone may be required to make special findings, under particular circumstances, even though a request for the same is not made at trial. *Wilson v. United States*, 250 F.2d 312 (9th Cir. 1958).

▮ It is generally stated that the purpose of special findings is to preserve questions of law for appeal. Put another way, the special findings enable the appellate court to determine the legal significance attributed to particular facts by the military judge, and to determine whether the

judge correctly applied any presumption of law, or used appropriate legal standards. In a case tried by a jury, these determinations can be made from instructions given in court by the judge. It becomes obvious then that, as it would be senseless for a judge to instruct himself in a bench trial, it is the function of the special findings to be their substitute for consideration on appeal. From this analogy to jury instructions, it follows that when special findings are made, they should cover the same issues upon which instructions would be required in a jury trial. Or, as put by paragraph 74*i*, Manual for Courts-Martial, United States, 1969 (Rev.):

> The special findings will usually include findings as to the elements of the offenses of which the accused may be found guilty, findings on the question of mental responsibility if raised by the evidence, and findings on special defenses reasonably in issue.

In other words, when requested, special findings must be made and should be related to the issues litigated at trial insofar as they have been reasonably raised by the evidence. Accord: *United States v. Falin*, 43 C.M.R. 702 (A.C.M.R.1971).

■ We are not unmindful that a military judge is not required to make superfluous findings, and that an improper request for special findings may be denied by the judge. *Cesario v. United States*, 200 F.2d 232 (1st Cir. 1953); *United States v. Peterson*, 338 F.2d 595 (7th Cir. 1964) cert. den. 380 U.S. 911, 85 S.Ct. 896, 13 L.Ed.2d 798; *United States v. Baker*, 47 C.M.R. 506 (A.C.M.R.1973). Nor are we unmindful of the further provision of paragraph 74*i*, of the Manual for Courts-Martial that the request for special findings "must specify the matter to be determined." With regard to the specific request in the case at bar, it is hard for us to see what issues the defense counsel desired "to be determined."

■ We would not hesitate to hold that the military judge could correctly have required counsel to be more specific in his request or to deny the particular request made. But, from the record it appears that the military judge understood the nature of the request and was satisfied with its form when he granted it. If there was a misunderstanding as to the specific matter defense counsel wished to be determined, or if the import of his request was unclear, the military judge should have called the deficiency to his attention and permitted him to restate the request. In this connection, we would commend that practice of requiring requests for special findings to be put in writing so that any misunderstanding might be avoided. In any event, the military judge voiced no dissatisfaction with the request made in this case, and it would be unjust for us to permit the military judge to reverse, in effect, his ruling because upon reading the record of trial he is dissatisfied with the form of the request. We hold, therefore, that the military judge erred in not preparing special findings on each of the litigated issues in the trial.

Having reached this conclusion, it is unnecessary for us to decide whether the provision in paragraph 74*i* of the Manual for Courts-Martial that the request "must specify the matter to be determined" is obligatory. We do observe, however, that the provision is arguably contrary to the entitlement granted to the accused in Article 51(*d*) of the Code, which in no way obliges counsel or the accused to so limit the area of proposed special findings. See *United States v. Ware*, 1 M.J. 282 decided 6 February 1976. As noted above, Article 51(*d*) is taken from Rule 23c of the Federal Rules of Criminal Procedure, and the practice in the Federal courts is that a general request for special findings will trigger the operation of that Rule. *United States v. Johnson, supra ; United States v. Morris*, 263 F.2d 594 (7th Cir. 1959). It is parenthetically noted, however, that the Manual provision does serve to forestall complaints that a particular finding is not made when there has been no specific request. See *United States v. Baker, supra*, 47 C.M.R. at 509.

■ It might be argued that the defense has waived the requirement for a special finding in this case because the absence

thereof was apparently not called to the attention of the military judge or reviewing authorities. However, we note that the accused was represented by a civilian attorney, and the record of trial examined, in his absence, by the appointed military counsel. Thus, we have no assurance that the accused's attorney of record was ever made aware that special findings were not prepared, and under these circumstances, we are unwilling to find waiver. We likewise attribute little importance to the fact that appellate defense counsel did not assign the absence of the special findings as error. As we view the pleadings in this case, appellate defense counsel were so convinced the court-martial below lacked jurisdiction, contrary to our holding, that development of any other possible assignments of error was thought to be unnecessary.

Having found error, we turn to the question of the appropriate disposition of this appeal. The absence of special findings under some circumstances might require a new trial. *United States v. Morris*, 263 F.2d 594 (7th Cir. 1959); *Haywood v. United States*, 393 F.2d 780 (5th Cir. 1968). On the other hand, it has been more frequently held that justice can best be served by remanding the record to the trial judge for preparation of the required findings. It is that course we elect to take.

■■■ We are not of the view that the omission of the special findings in this case was harmless. Issues of entrapment and coercion were strongly litigated at trial, and forceful objections were made to the consideration of hearsay and expert opinion evidence. The facts of the case are extremely involved and we are unable to determine with complete satisfaction the legal standards applied by the military judge in all instances. Thus, this record of trial is an appropriate one for special findings. Even if that were not the case, it would be difficult for us, as an intermediate appellate court to ever determine that special findings are not needed when requested by an accused. We are not, after all, an appellate court of last resort. While under some circumstances we might be satisfied that the legal issues are sufficiently framed and exposed at trial, we would not ordinarily be inclined to deny that the Court above us might view the matter differently.

In the only reported case that we could find in which a trial judge promised special findings but did not make them, the argument was made that to return the case to the trial forum would be a "waste of judicial time". In response to that argument, Chief Judge Bazelon of the Court of Appeals for the District of Columbia said:

> The requirement that a trial judge prepare findings which will cast light on his reasoning is not a trivial matter. It is an important element of fairness to the accused. As a distinguished trial judge has observed, "The existence of a rationale may not make the hurt pleasant, or even just. But the absence, or refusal of reasons is a hallmark of injustice." Moreover, the trial court's statement is an important element of judicial administration because ". . . an appellate court must be able to ascertain the grounds for [a lower court's decision] in order to fulfill its responsibility of review." *United States v. Snow*, 157 U.S.App.D.C. 331 at page 332, 484 F.2d 811 at page 812 (1973).

The action of the convening authority is set aside. The record of trial is returned to The Judge Advocate General of the United States Air Force for submission to the convening authority and remand to the military judge for the preparation of special findings. Thereafter the record of trial will be returned to the convening authority for a new review and action.

ORSER and SANDERS, Judges, concur.