## UNITED STATES

### v.

**Airman Basic Robert D. MILLER, FR 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 410th Organizational Maintenance Squadron Eighth Air Force (SAC).**

### ACM S24362.

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 Jan. 1976.

Decided 15 April 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before ROBERTS, Senior Judge, and ORSER and SANDERS, JJ.

### DECISION

ORSER, Judge:

Tried by a special court-martial composed of a military judge sitting alone, the accused stands convicted of two offenses of absence without authority, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886. The approved sentence is a bad conduct discharge, confine-

ment at hard labor for 80 days, and forfeiture of $240.00 per month for three months.

Though appellate defense counsel have assigned two errors for our consideration, only one merits our attention. The other, a contention that the evidence is insufficient to sustain the entire period of absence found by the court as to one of the offenses, was adequately treated in the review of the staff judge advocate and properly resolved adversely to the accused. Further discussion herein is unnecessary.

In their remaining assignment of error, appellate defense counsel assert that the court-martial was without jurisdiction to try the accused because the written request for trial by military judge alone (DD Form 1722) erroneously contained the accused's name in the space where the military judge's name should have appeared. Citing the case of *United States v. Brown*, 21 U.S.C.M.A. 516, 45 C.M.R. 290 (1972), counsel contend that in effect the form is blank and a new trial should be ordered. We disagree.

Article 16, Code, supra, provides that a special or general court-martial may consist of only a military judge if:

> before the court is assembled the accused, knowing the identity of the military judge and after consultation with defense counsel, requests in writing a court composed only of a military judge and the military judge approves.

See also Manual for Courts-Martial, United States, 1969 (Rev.), paragraph 53*d* (2).

In the *Brown* case, supra, the form utilized to request trial by military judge alone did not contain the name of the military judge in the space provided. Citing *United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970), for the proposition that a request *in writing* is a jurisdictional prerequisite to trial by military judge alone, the United States Court of Military Appeals determined that the blank written request did not serve to indicate the accused, prior to assembly of the court, knew the identity of the judge who was to try him. The Court held the deficiency resulted in noncompliance with the provisions of Article 16, and the trial court was thus not properly constituted.

In a very recent decision, this Court considered and resolved against the accused an identical issue to that here posed. *United States v. Hussey*, 1 M.J. 804 (A.F.C.M.R. 1976). About the only factual difference between the two cases, insofar as the judge request form is concerned, is that in *Hussey* the space provided for the military judge's name was simply left blank. In the *Hussey* case, after conceding there were circumstances matching those in *Brown*, supra, and in another case with a similar problem, *United States v. Rountree*, 21 U.S.C.M.A. 62, 44 C.M.R. 116 (1971), we distinguished on the basis that the accused Hussey manifestly knew the identity of the military judge who was to try him before the request was made. Unlike the *Brown* case where the form was totally blank, and *Rountree*, where the wrong military judge was named, in *Hussey* the form submitted by counsel for the accused though blank in the space naming the judge, nevertheless contained the judge's typewritten name in the section provided for his approval.

Furthermore, in *Hussey*, submission of the request for trial by military judge alone was postponed for nearly an hour of courtroom time. This was done to accommodate the defense counsel's desire to litigate certain preliminary motions before taking up the court composition matter. It was only after the ruling on the final preliminary motion that the form was submitted to the military judge for his consideration. On those circumstances, we concluded it would be "fatuous to surmise" the accused was unaware of the judge's identity at the time the request was actually made.

Here, as in *Hussey*, the request form contained the typed name of the military judge at the place for his approval and to that extent served to inform the accused of who was to try the case. Any supposed confusion engendered in the accused's mind by the appearance of his own name in the space provided for that of the judge was manifestly self-reconciling. The record

provides abundant basis for crediting the accused with sufficient intelligence to realize he was not qualified or entitled to be his own judge. Moreover, though certainly not demonstrated to the same extent as in *Hussey*, before the request was actually made, the military judge who sat was present in the courtroom and had been verbally identified by the trial counsel as the judge whose name appeared in the order convening the court.

An additional factor of signal importance to resolution of the issue in this case appears in a post-trial affidavit submitted by counsel for the accused. In the affidavit, counsel states he informed the accused before trial began that Captain Hovey, who in fact sat, would be the military judge in the case. Following their discussion, a decision was made to request trial by military judge alone and the appropriate form was prepared and signed by the accused. Counsel acknowledges that the accused's name was inadvertently placed in the block provided for identification of the judge, but that the judge was properly identified at the place for his approval. The affidavit concludes with the statement that the accused was aware Captain Hovey was to be the military judge and made his request intending to be tried by that officer.

In these circumstances, we are convinced the accused was fully aware of the identity of the military judge before his written request was submitted, as required by Article 16 of the Uniform Code of Military Justice. Though the written request for trial by military judge alone is in error, the mistake is patently obvious. On the basis of the proper identification of the judge in the approval section of the form, the nature of the error, and especially in light of the post-trial affidavit of counsel, we are satisfied the accused desired to be tried by Judge Hovey alone and, as required, submitted a request in writing therefor. In our judgment, the procedural requirements of Article 16 were fulfilled and the military judge had jurisdiction to function as a special court-martial. *United States v. Hussey*, supra.

For the reasons stated, the findings of guilty and the sentence are correct in law and fact and are

AFFIRMED.

ROBERTS, Senior Judge, and SANDERS, Judge, concur.