UNITED STATES, Appellee,

v.

Andrew B. STEARMAN, Sergeant, U.S. Air Force, Appellant.

No. 35,266.

ACM S24528.

U. S. Court of Military Appeals.

May 7, 1979.

Appearances: For Appellant—*Captain Robert G. Gibson, Jr.* (argued); *Colonel B. Ellis Phillips* (on brief).

1. There the appellant was convicted of a charge laid under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934, and five specifications thereunder resulting in a sentence (later approved by the convening and supervisory

For Appellee—*Captain Robert T. Mounts* (argued); *Colonel Julius C. Ullerich, Jr.* (on brief).

Opinion of the Court

FLETCHER, Chief Judge:

During the proceedings of the appellant's special court-martial,[1] a DD Form 1722, Request for Trial Before Military Judge Alone, was presented to the trial judge and approved. The appellant's name was typed in the space at the top of the form provided for the military judge's name. We are urged that this Court's decisions in *United States v. Montanez-Carrion*, 22 U.S.C.M.A. 418, 47 C.M.R. 355 (1973); *United States v. Grote*, 21 U.S.C.M.A. 519, 45 C.M.R. 293 (1972); and *United States v. Brown*, 21 U.S.C.M.A. 516, 45 C.M.R. 290 (1972), are dispositive and lack of jurisdiction compels reversal. Upon examination, we disagree and overrule those cases to the extent we shall presently delineate.

Article 16, Uniform Code of Military Justice, 10 U.S.C. § 816, jurisdictionally requires, for trial by military judge alone, knowledge by the accused of the judge's identity; consultation by him with his defense counsel; submission, before the court is assembled, of a request in writing for trial by a military judge sitting alone; and approval by the military judge of his request.

As we read the record of trial in this case, the appellant has fully complied with these jurisdictional prerequisites. At the time the request for military judge sitting alone was made, there was no equivocation about the identity of the judge approving the request. While the requirement of inclusion of the name of the military judge as part of the written request may be "consistent with that purpose [of Article 16, UCMJ]," *United States v. Brown, supra* at

authorities and affirmed by the intermediate court) of reduction to the lowest pay grade, confinement for 5 months, and a bad-conduct discharge.

519, 45 C.M.R. at 293, we no longer believe absence of its inclusion is fatal to the jurisdiction of the court. The error present in this request could have been corrected by any of the officers of the court; the primary responsibility in this regard, however, rests upon the defense counsel. If there is any uncertainty regarding the accused's knowledge of the identity of the military judge who will sit during his trial, this must be clarified by affirmative action on behalf of the accused by the defense counsel.

To allow defense counsel to remain silent or to erringly fail to include the name of the detailed military judge in his written request and then seek reversal on appeal will no longer be countenanced by this Court. There must be some indication in the record of trial that the accused was aware of the identity of the judge presiding. Inadvertent exclusion of his name on the form no longer defeats jurisdiction under Article 16, UCMJ.

The decision of the United States Air Force Court of Military Review is affirmed.

Judge PERRY concurs.

COOK, Judge (concurring):

In *United States v. Dean*, 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970), a divided Court construed Article 16, Uniform Code of Military Justice, 10 U.S.C. § 816, to require a complete and correct written request for trial by judge alone as a jurisdictional condition to such trial. For almost a decade, the Court has followed the *Dean* concept. *See United States v. Montanez-Carrion*, 22 U.S.C.M.A. 418, 47 C.M.R. 355 (1973); *United States v. Brown*, 21 U.S.C.M.A. 516, 45 C.M.R. 290 (1972). Although I discern no compelling reason in the principal opinion to reject this gloss on Article 16, especially as it imposed no hardship on either the Government or the accused, unanimous agreement on the construction now adopted might perhaps impart a greater degree of stability to it. Accordingly, I concur.