## UNITED STATES

v.

**Charles M. SHOEMAKE, 457 06 7713, Aviation Machinist's Mate Third Class (E-4), U.S. Navy.**

**NMCM 83 3446.**

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 30 March 1982.

Decided 31 Jan. 1984.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Joseph J. Portuondo, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, JJ.

BYRNE, Judge:

Aviation Machinist's Mate Third Class Charles M. Shoemake was tried by special court-martial and convicted, contrary to his pleas, of a number of specifications involving the use, possession, transfer, and sale of amphetamines and marijuana in violation of Article 92 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892.

Appellate defense counsel limited his oral presentation to this Court to one assignment of error,[1] and we shall limit our discussion to that issue.

## A. The Statute

Article 25(c)(1) of the UCMJ, 10 U.S.C. § 825(c)(1) states, *in pertinent part:*

Any enlisted member of an armed force on active duty . . . is eligible *to* serve on general and special courts-martial for the trial of any enlisted member of an armed force who may lawfully be brought be-

1. Although appellate defense counsel raised a number of issues in his written assignments of

fore such courts for trial, *but he shall serve as a member of a court only if . . . the accused personally has requested in writing that enlisted members serve on it.* (Emphasis supplied.)

## B. The facts of this case

Petty officer Shoemake's civilian and detailed military counsel sent a letter, prior to trial, to the convening authority stating: (in pertinent part):

In accordance with reference (a), [Article 25(c)] the accused, through his detailed defense counsel, respectfully requests enlisted personnel to be appointed as members to the subject Special Court-Martial.

This letter was personally signed by both Petty Officer Shoemake's civilian defense counsel and his detailed military defense counsel. Petty Officer Shoemake did *not* sign the request.

At page 409 of this 2,582 page record of trial, the desires of the accused regarding enlisted members was confirmed by the following:

MJ: Has the accused made a written request for enlisted members on the court?

TC: He has, your Honor.

MJ: Have that request entered in the record of trial. Petty Officer Shoemake, do you want enlisted members on your panel?

ACC: Yes, your Honor.

Appellate defense counsel rightly concedes, in oral argument, and we so conclude, that Petty Officer Shoemake desired to have enlisted personnel detailed as members of his court-martial.

An enlisted man was detailed, and served as a member of, the court-martial.

## C. The issue

Petty officer Shoemake's appellate counsel has assigned the following error:

APPELLANT'S COURT-MARTIAL WAS WITHOUT JURISDICTION BECAUSE THE WRITTEN REQUEST

error, the other assignments lack merit.

FOR ENLISTED MEMBERS WAS NOT PERSONALLY SIGNED BY THE APPELLANT.

We hold that, under the above facts, the accused's request met the requirements of Article 25(c)(1) of the UCMJ, and that, even if it did not, there was no prejudice.

### D. *Historical commentary*

*United States v. White,* 21 U.S.C.M.A. 583, 45 C.M.R. 357 (1972) summarizes the legislative history of Article 25(c)(1) of the UCMJ and its predecessor statute, Article of War 4. That history, *White* notes, demonstrates that the objective of the words "personally has requested in writing" in Article 25(c)(1) was to make the election "nondelegable" to defense counsel. *White,* at 361; Hearings before House Armed Services Committee on H.R. 2498, 81st Congress, 1st Session, at 1147. But, the *reason* for this language was to:

> ... make the accused himself sign that application so he will never then be heard to say that he didn't want them.
>
> Mr. DeGraffenried. Didn't authorize his counsel to do it [request enlisted members].
>
> Mr. Smart. That is right.
>
> . . . .

[Material in brackets added.]

Consequently, the purpose of the legislative requirement was to ensure that the accused desired enlisted members. *See United States v. Robertson,* 7 M.J. 507, 509 (A.C.M.R.1979), pet. den. 7 M.J. 137 (C.M.A. 1979). There is no factual issue in this case as to whether the accused desired and requested enlisted members: he did.

### E. *White and progeny*

In *United States v. White,* 21 U.S.C.M.A. 583, 45 C.M.R. 357 (1972), the USCMA held that an *oral* request alone, by the accused's defense counsel, for enlisted membership, did not comply with Article 25(c)(1) of the UCMJ. USCMA reversed White's conviction. *See also United States v. Thompson,* 22 U.S.C.M.A. 3, 46 C.M.R. 3 (1972).

**2.** *See, e.g.,* the Military Justice Act of 1968

Thereafter, in granting a petition for extraordinary relief, Article 25(c)(1) was violated where "the defense counsel signed the request for enlisted members." *Gallagher v. United States,* 22 U.S.C.M.A. 191, 192, 46 C.M.R. 191, 192, n. 1 (1973) (mem.). *See also Asher v. United States,* 22 U.S.C.M.A. 6, 46 C.M.R. 6 (1972) (mem.) and *United States v. Warren,* 50 C.M.R. 357 (A.C.M.R. 1975).

### F. *Caveats to White*

However, the appellate courts recognized that noncompliance with Article 25(c)(1) did not result in a classical jurisdiction issue.

In *United States v. Dauphine,* 36 C.M.R. 862 (A.C.M.R.1972), it was held that a reference for trial of a convening order which included enlisted personnel was not void *ab initio,* even though only the appellant's counsel signed a written request for enlisted members. *United States v. Robertson, supra,* held that *White* does not require a request before enlisted members may be detailed, so long as a timely request for enlisted personnel is submitted. Further, the failure to comply with the statute in a guilty plea case only affects the sentence, not the findings. *United States v. Asher, supra,* at 7; *United States v. Dauphine, supra.* The USCMA, now composed of 3 different judges than those who decided *White* and resolving issues under a substantially revised UCMJ,[2] recently mentioned a different tack in approaching this issue. In *United States v. Landrum,* 3 M.J. 160 (C.M.A.1977) (summary disposition), the Court found prejudicial error where enlisted personnel served as court-martial members where the request for enlisted personnel was unsigned. But, USCMA noted that nowhere "does the record affirmatively reflect that appellant himself desired enlisted personnel, for his counsel announced there was such a request but appellant was not asked if he concurred after he had expressed his understanding of his right to make such a request". *Id.*

The USCMA in *White* heavily relied upon its prior decision in *United States v. Dean,* 20 U.S.C.M.A. 212, 43 C.M.R. 52 (1970) as

(Public Law 90–632, 82 Stat. 1335).

authority for its conclusions. *See United States v. White, supra,* at 358, 363. *Dean* set aside a conviction where the accused only orally requested trial by military judge alone where the UCMJ required such a request to be in writing. In 1983, Congress amended the statutory language to permit oral requests by military judge alone. In so doing, it was noted that prior law created:

> the possibility of administrative error *even if the accused on the record makes a knowing, voluntary, oral choice for trial before a specific judge.* Currently, each such error may cause appellate litigation *despite the fact that the military judge made a satisfactory inquiry on the record into accused's decision.*

[Emphasis supplied.] S.Rep., No. 98–53, 98th Cong., 1st Sess. 12 (1983).

### G. *Analysis and Conclusions*

We see two approaches to resolve this issue without reversal. One focuses upon whether or not there has been compliance with Article 25(c)(1) of the UCMJ. The other concedes noncompliance but considers the effect upon the ultimate disposition of this case. Using both approaches, we find the appellant's contention to be without merit.

■ 1. *There was compliance with the statute.* We have not located any other published case where there was *both* a written request by defense counsel *and* a personal, oral request for enlisted members at trial. We conclude, based on the facts contained in Part B, that the accused knew that the request for enlisted personnel had been submitted and agreed with its content. We, therefore, hold that the accused adopted the signatures of his counsel as his own when he requested that enlisted members serve on his court-martial. *Cf., United States v. Calhoun,* 14 M.J. 588 (N.M.C.M.R.

1982). Practically speaking, there is more evidence of the accused's desires in *this* case than if only a writing, apparently signed by the accused, was presented, and nothing more. Further, the purpose of Congress in enacting Article 25(c)(1) was certainly met in this case. *See* Part D, *supra.*

■ 2. *Even assuming noncompliance, the error was not prejudicial.* Prior appellate opinions have not treated Article (c)(1) violations as jurisdictional. *See* Part F, *supra.* Congress has stated that its purpose in enacting the legislation was simply to ensure that the accused shall never be heard to say he didn't choose to have enlisted members detailed to his court-martial. *See* Part D, *supra.* The accused requested enlisted members. Congress has, in 1983, indicated that it desires a test for prejudice where there is no literal compliance with statutory language but there is, on the record, a knowing, voluntary oral choice of participants. *See* Part F, *supra.* We note that the defense had a duty to present a request for enlisted members that was "signed by the accused." Paragraph 48f, *Manual for Courts-Martial, 1969 (Rev.).* Consequently, under the facts of this case, a test for prejudice is the *only* fair result. Testing for prejudice, we find absolutely none.

The findings and sentence, as approved below, are affirmed.

Senior Judge GLADIS and Judge GARVIN concur.